

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

August 17, 2018

**Filed via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

     Re:   *Commonwealth of Pennsylvania v. Navient Corporation et al*, No. 3:17-cv-01814-RDM

Dear Judge Mariani:

     I write on behalf of the Commonwealth of Pennsylvania ("Commonwealth") concerning an issue on which the parties are at an impasse. Despite the Court's recent August 7, 2018 Order and Opinion issued in *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM, Document 103 at 5-6, holding that "the Privacy Act does not create a qualified discovery privilege," Navient continues to raise Privacy Act objections to production in the Commonwealth's case, No. 3:17-cv-01814-RDM. Accordingly, the Commonwealth respectfully requests that the Court issue a similar order in this case requiring Navient to produce all documents it is refusing to produce on the basis of purported Privacy Act concerns.[1]

     In response to the Commonwealth's request for certain student loan borrower records, on April 18, 2018, Navient wrote the Department of Education (ED) a letter seeking permission to produce the records to the Commonwealth. *See* Ex. A. On May 4, 2018, ED responded to Navient's letter stating that ED refused

---

[1] The Commonwealth understands that the Court's August 7 order did not decide burden or scope issues, which were not before the Court. Similarly, here, we are merely requesting that the Court decide the threshold Privacy Act question. The Commonwealth previously told Navient that it is willing to negotiate reasonable limitations on discovery requests to address alleged burdens of production.

to grant Navient permission to release the records to the Commonwealth and requested that Navient instruct the Commonwealth to submit its request for the records directly to ED. *See* Ex. B.  In this letter, ED claimed it needed "a reason why disclosure of these records is permitted under the Privacy Act." *See id*.

Although the Commonwealth did not believe ED's permission was necessary for the production of the records, in an attempt to resolve this issue without involving the Court, the Commonwealth sent ED a letter on July 18, 2018 citing numerous reasons why disclosure of the records is permitted under the Privacy Act. *See* Ex. C. On August 6, 2018, ED responded to the Commonwealth's letter indicating that ED would not authorize disclosure of the records. ED's August 6 letter said that ED may reconsider if the Commonwealth submitted yet another request that addressed new concerns of the Department—concerns that ED did not mention in its initial May 4 letter. *See* Ex. D.

On August 7, 2018, this Court issued an Order and Opinion in the similar case of *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM, agreeing with the CFPB that Navient "cannot assert that the [student loan borrower] records may ultimately belong to the Department of Education or use the Privacy Act to shield the requested borrower documents from production" in that case. *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM, Document 103 at *4. Despite this clear order—which directly resolves the issue in the Commonwealth's case—Navient made clear in telephone conversations with the Commonwealth on August 13 and 16, 2018, that it will continue to use the Privacy Act in this case to forestall the production of records to the Commonwealth.

In those recent telephone conversations, Navient claimed the procedural posture of this case (i.e., the pending Motion to Dismiss) is a principled distinction between the two cases that justifies Navient's use of the Privacy Act to shield production in this case. It is not. The procedural posture of the CFPB case was in no way relevant to the Court's analysis of the Privacy Act issue in the August 7, 2018 Order and Opinion. Furthermore, there has been no stay on discovery pending the Motion to Dismiss in this case, nor have the parties been operating as if such a stay exists, nor did Navient request a stay at or before the initial case management conference. Accordingly, the Commonwealth respectfully requests that the Court issue an order requiring Navient to produce all documents it is refusing to produce on the basis of purported Privacy Act concerns.

                                              Respectfully,
                                              /s/ Nicholas Smyth