## <u>APPENDIX TO THE COMMONWEALTH'S AUGUST 17, 2018 LETTER</u>

| Exhibit | Date of Exhibit | Description of Exhibit | Beginning page number |
|:---:|---|---|:---:|
| **A** | April 18, 2018 | Letter from Navient to ED | A1 |
| **B** | May 4, 2018 | Letter from ED to Navient | A3 |
| **C** | July 18, 2018 | Letter from the Commonwealth to ED | A6 |
| **D** | August 6, 2018 | Letter from ED to the Commonwealth | A11 |

# Exhibit A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Jennifer Levy, P.C.
To Call Writer Directly:
(202) 879-5211
jennifer.levy@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 18, 2018

**Via E-Mail**

Justin Riemer
Special Counsel
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

> **Re**: Requests for Information Related to Department of Education Loans from
> Pennsylvania Attorney General

Dear Justin:

On November 5, 2017, the State of Pennsylvania through their Attorney General Joshua Shapiro filed a lawsuit against Navient Corporation and Navient Solutions, LLC. As part of that lawsuit, on March 29, 2018, Navient Solutions received requests for production from the Pennsylvania Attorney General office. Among other things, the requests seek production of all data located within the Department's system of record, including all information for any borrower enrolled in a forbearance or income-drive repayment plan from January 1, 2009 through the present. The requests for production are attached for your review (see request A). We request your permission to produce relevant information from the Department's system of record in response to these discovery requests. Navient Solutions' responses to the State's requests are due by April 29, 2018. Therefore, we appreciate your immediate attention and response on this issue. Please let us know if you have any questions. We are happy to arrange a call if you would like to discuss further.

Sincerely,

Jennifer Levy, P.C.

# Exhibit B



# UNITED STATES DEPARTMENT OF EDUCATION

### OFFICE OF THE GENERAL COUNSEL

May 4, 2018

**<u>Via Email</u>**

Jennifer Levy, P.C.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:     Pennsylvania Attorney General's Requests for Department of Education Records in *Commonwealth of Pennsylvania v. Navient Corporation et al*, No. 3:17-cv-01814-RDM (M.D. Pa., filed October 5, 2017)

Dear Ms. Levy:

Thank you for your letter dated April 18, 2018 regarding the Pennsylvania Attorney General's ("Pennsylvania's") discovery requests in the above-captioned matter. Navient requests the Department of Education's ("Department's") permission to produce certain documents that are the records and property of the Department and that are restricted from disclosure pursuant to the Privacy Act of 1974 ("Privacy Act") and the Department's contract with Navient. In part, Pennsylvania is asking for records received or used by Navient as a loan servicer under contract with the Department.  The Department cannot grant you permission to release these Department records and requests that you direct Pennsylvania to the Department to submit its request for those particular records.

As you indicate in your letter, a substantial component of Pennsylvania's request seeks disclosure of Department records, specifically records in a Department System of Records (SOR), including the Common Services for Borrowers (CSB) SOR (18-11-16) and, possibly, the Ombudsman SOR (18-11-11). Complying with Pennsylvania's request, specifically for Requests 3A, 3C (in part), and 3D (in part), and potentially 3E (in part) and 3F would result in the release of records that are protected by the Privacy Act.

Neither your letter nor Pennsylvania's request identifies a reason why disclosure of these records is permitted under the Privacy Act which places significant restrictions on the disclosure of records, particularly without written consent of the individual. Moreover, the Department has instructed its loan servicers that have received third-party requests for Department records subject to the Privacy Act to inform the requesters they need to come to the Department directly with their requests. *See* Letter from Patrick A. Bradfield, Director, Federal Student Aid Acquisitions, Ownership of and Access to U.S Department of Education Records and Data Department of Education Memorandum  (Dec. 27, 2017). The Department considers records requests made in the context of litigation to be covered by letter's directive and subject to the Department's Privacy Act obligations generally.

*Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation*

Furthermore, Navient's contract with the Department makes clear that the Department "owns the rights to all data/records produced as part of th[e] contract." Number: FSA-TitleIV-09, Attachment A-2, https://www2.ed.gov/policy/gen/leg/foia/contract/salliemae-061709.pdf. The contract states Navient is to "treat all deliverables under the contract as the property of the U.S. Government for which the Government Agency shall have unlimited rights to use, dispose of, or disclose such data contained therein as it determines to be in the public interest." *Id.*

Additional provisions of the contract related to records management state that the records produced pursuant to this contract are subject to the Privacy Act. *See id.* ("All data created for Government use and delivered to, or falling under the legal control of, the Government are Federal records and shall be managed in accordance with…the Privacy Act (5 U.S.C. 552a).)"

Consistent with the Department's earlier instructions and Navient's contract with the Department, Navient should inform Pennsylvania that it should make its request directly to the Department. The Department will then evaluate the request based on the requirements of the Privacy Act and the Freedom of Information Act.

We note that Pennsylvania has also requested records relating to Navient's private loans. The directions in this letter relate only to records relating to loans serviced by Navient under its contract with the Department and do not address Navient's obligations relating to those private loans.

Sincerely,

J. Justin Riemer
Deputy General Counsel,
Postsecondary Education

# Exhibit C



<small>COMMONWEALTH OF PENNSYLVANIA</small>
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

**Bureau of Consumer Protection**
**1251 Waterfront Place**
**Mezzanine Level**
**Pittsburgh, PA 15222**
**Telephone:  (412) 565-3050**
**Email: nsmyth@attorneygeneral.gov**
**jambrose@attorneygeneral.gov**

**Via Certified Mail and Email**

**July 18, 2018**

J. Justin Riemer
Deputy General Counsel
U.S. Department of Education
400 Maryland Avenue SW
Lyndon Baines Johnson Building
Washington, DC 20202-2100
justin.riemer@ed.gov

Re:  **Pennsylvania Office of Attorney General's Requests for Department of**
**Education Records in _Commonwealth of Pennsylvania v. Navient Corporation_**
**_et al._, No. 3:17-cv-01814-RDM (M.D. Pa., filed October 5, 2017)**

Dear Mr. Riemer:

Pursuant to your instructions in your May 4, 2018 letter to Jennifer Levy, the
Pennsylvania Office of Attorney General, Bureau of Consumer Protection (the "Bureau") is
requesting that the U.S. Department of Education (the "Department") grant Navient Solutions,
LLC ("Navient") permission to release Department records protected by the Privacy Act and
requested by the Bureau in its First Set of Requests for Production from Navient Solutions, LLC[1]
and any subsequent requests for production the Bureau may make to Navient in order to litigate
its claims in the above-captioned case.

The Bureau's complaint against Navient alleges violations of the _Pennsylvania Unfair_
_Trade Practices and Consumer Protection Law_, 73 P.S. § 201-1, _et seq._ ("Consumer Protection

---

[1] For ease of reference, the Bureau's First Set of Requests for Production dated March 18, 2018 is
attached as Exhibit A. Note that Request A requests data relating to every borrower enrolled in
forbearance or any income-driven repayment (IDR) plan from January 1, 2009 to the present.

Law") and the *Consumer Financial Protection Act of 2010*, 12 U.S.C. § 5552(a) ("CFPA") in connection with Navient's origination and servicing of student loans, including Direct Loans. The Pennsylvania Office of Attorney General brings these claims against Navient pursuant to its authority under Section 201-4 of the Consumer Protection Law to bring an action to restrain the use of acts or practices in violation of the Consumer Protection Law, *see* 73 P.S. § 201-4, and pursuant to the authority delegated to state attorneys general under Section 5552(a)(1) of the CFPA to bring federal civil enforcement actions in order to enforce the CFPA and secure remedies provided therein, *see* 12 U.S.C. § 5552(a)(1).

A. **Disclosure is Permitted Under the Routine Use for Disclosure for Use by Other Law Enforcement Agencies**

The Privacy Act permits the Department to disclose the requested records to the Bureau "for a routine use. . . ." 5 U.S.C. § 552a(b)(3). A "routine use" means, "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected. . . ." 5 U.S.C. § 552a(a)(7). A routine use that is compatible with the purposes for which the data is collected must be described in a System of Record Notice ("SORN") published in the Federal Register. 5 U.S.C. § 552a(e)(4)(D).

We understand from your May 4 letter that the records sought by the Bureau are located in the Department's Common Services for Borrowers (CSB) System of Record (SOR) (18-11-16) and "possibly" the Ombudsman SOR (18-11-11). Historically, the Department routinely disclosed information about student borrowers to State Attorneys General working to protect students from predatory practices and to secure relief from students victimized by fraud and other unlawful conduct under the routine use for Disclosure for Use by Other Law Enforcement Agencies. Prior to June 13, 2018, the operative SORNs for both the CSB and Ombudsman SORs provided that "[t]he Department may disclose information to any Federal, State ... or foreign agency or other public authority responsible for enforcing, investigating, or prosecuting violations of administrative, civil, or criminal law or regulation if that information is relevant to any enforcement, regulatory, investigative, or prosecutorial responsibility within the receiving entity's jurisdiction." 81 Fed. Reg. 12081, 12083 (2016); 81 Fed. Reg. 60683, 60687 (2016).

However, it is the Bureau's understanding that on June 13, 2018, the Department abruptly announced modifications to its SORs and policy changes to the routine use exception. *See* 83 Fed. Reg. 27587 (June 13, 2018). This notice expanded the Department's Customer Engagement Management System (CEMS) to include records previously maintained in the Ombudsman SOR and certain records concerning the eligibility of individuals for relief under the Department's borrower defense regulations previously maintained in the CSB SOR. Finally, the notice removed the former routine use for Disclosure for Use by Other Law Enforcement Agencies applicable to records previously maintained in the Ombudsman SOR. *Id.* at 27588 ("The Department is removing former routine use (2) entitled "Disclosure for Use by Other Law Enforcement Agencies ...")

For the reasons stated in the comment submitted by twenty State Attorneys General (including the Pennsylvania Attorney General) to the Department concerning the new policy,[2]

---

[2] For ease of reference, this comment is attached as Exhibit B.

the Bureau strongly urges the Department to reconsider its policy change and hopes the Department will change the SORN that eventually goes into effect after the Department reviews public comments. But even if the June 13 SORN goes into effect with no changes, it is the Bureau's understanding that a large portion of the records it seeks related to student loan servicing are still located in the CSB SOR. Furthermore, it is the Bureau's understanding that since the recent notice references only the removal of routine use "(2) entitled 'Disclosure for Use by Other Law Enforcement Agencies'" from the prior Ombudsman SORN, the Department is still permitted to disclose the requested records located in the CSB SOR under the routine use "(3) Disclosure for Use by Other Law Enforcement Agencies" provided for in the still-operative CSB SOR. *See* 81 Fed. Reg. 60683, 60687.

Because the Bureau is a public authority responsible for enforcing, investigating, or prosecuting violations of the Consumer Protection Law and the CFPA and the requested records are relevant to the Bureau's enforcement, regulatory, investigative, or prosecutorial responsibility within the Commonwealth of Pennsylvania, disclosure of the data to the Bureau for use in this litigation falls squarely within the routine use for Disclosure for Use by Other Law Enforcement Agencies. *See id.*

### B. Disclosure of Records Maintained in the CSB SOR is Permitted Under Routine Use for Program Disclosures (1)(r)

Additionally, the Privacy Act permits the disclosure of records in the CSB SOR to the Bureau as a routine disclosure for program purposes. The CSB SORN provides:

> The Department may disclose records for the following program purposes …to governmental entities at the Federal, State, local, or tribal levels regarding the practices of Department contractors who have been provided with access to the CSB system (e.g., Federal Loan servicers, including not-for-profit servicers, the Federal Perkins Loan servicer, and private collection agencies) with regards to all aspects of loans and grants made under title IV of the HEA, in order to permit these governmental entities to verify the contractor's compliance with debt collection, financial, and other applicable statutory, regulatory, or local requirements. 81 Fed. Reg. 60683, 60686-87 (2016) (Program Disclosure (1)(r)).

Because the Bureau seeks the requested records in order to verify Navient's compliance with the Consumer Protection Law and the CFPA, disclosure of the data to the Bureau for use in this litigation falls squarely within this "routine use." *See id.*

### C. Disclosure of Records Maintained in both the CSB and Ombudsman SORs is Permitted Under the Routine Use for Enforcement Disclosures

Both the CSB and Ombudsman SORNs permit the Department to disclose the requested records to the Bureau as a routine use for Enforcement Disclosure. The CSB SORN provides:

3

In the event that information in this system of records indicates, either on its face or in connection with other information, a violation or potential violation of any applicable statute, regulation, or order of a competent authority, the Department may disclose the relevant records to the appropriate agency, whether foreign, Federal, State, tribal, or local, charged with the responsibility of investigating or prosecuting that violation or charged with enforcing or implementing the statute, Executive order, rule, regulation, or order issued pursuant thereto.  81 Fed. Reg. at 12083.  *See also* 81 Fed. Reg. at 60687 (providing a nearly identical rule).

Again, because the Bureau is a state agency charged with the responsibility of investigating and prosecuting violations of the Consumer Protection Law and the CFPA and the information in the CSB and Ombudsman SORs indicate either on its face or in connection with other information a potential violation of the Consumer Protection Law and the CFPA, disclosure to the Bureau falls squarely within this routine use.  *See id.*

### D.  Disclosure May Be Required By a Court Order

Although the Bureau is making this request pursuant to 5 U.S.C. § 552a(b)(3), the Bureau expressly reserves all rights to avail itself of any legally authorized means to satisfy the disclosure requirements of the Privacy Act.  For example, the Bureau reserves its right to seek disclosure of the requested records "pursuant to the order of a court of competent jurisdiction," 5 U.S.C. § 552a(b)(11).  *See also Privacy Act Guidelines*, 40 Fed. Reg. 28949, 28955 (1975) ("Agencies or other entities seeking disclosure may, of course, seek a court order as a basis for disclosure.").

The Bureau understands that the Department has indicated that it is not prepared to grant permission to Navient to produce similar records to the Consumer Financial Protection Bureau in regards to a similar lawsuit.  Please be advised that if the Department does not respond to this letter **by the close of business on July 27, 2018** indicating whether or not it will permit disclosure to the Bureau, the Bureau intends to expeditiously seek a court order requiring Navient to produce the requested records.

Thank you and we look forward to hearing from you by July 27.

Sincerely,

Nicholas Smyth
Assistant Director for Consumer Financial Protection
Bureau of Consumer Protection

Jill Ambrose
Deputy Attorney General
Bureau of Consumer Protection

4

# Exhibit D

August 6, 2018

**Via Email**

Jill Ambrose
Deputy Attorney General
Bureau of Consumer Financial Protection

Nicholas Smyth
Assistant Director for Consumer Financial Protection
Office of Attorney General
Bureau of Consumer Protection
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

      Re:     Pennsylvania Office of Attorney General's Requests for Department of
                 Education Records in *Commonwealth of Pennsylvania v. Navient Corporation
                 et al.,* No. 3:17-cv-01814-RDM (M.D. Pa., filed October 5, 2017)

Dear Mr. Smyth and Ms. Ambrose:

    Thank you for your letter dated July 18, 2018, requesting that the U.S. Department of
Education ("Department") grant Navient Solutions, LLC ("Navient Solutions") permission to
release Department records requested by the Pennsylvania Office of Attorney General, Bureau of
Consumer Protection ("Bureau") in the Bureau's First Set of Requests for Production from
Navient Solutions (as well as records the Bureau may request from Navient Solutions in any
future requests for production) in the Bureau's litigation in the above-captioned case. We
appreciate your patience in awaiting a reply.

    As your July 18 letter acknowledges, the records sought are restricted from disclosure
pursuant to the Privacy Act of 1974 ("Privacy Act"). The Department appreciates the response to
our Privacy Act concerns set forth in your July 18 letter. As you may be aware, the Department
has discretion to make disclosures under the Privacy Act on a "case-by-case" basis and, at this
time, it is utilizing that discretion not to authorize disclosure of the records you request. 83 Fed.
Reg. at 27,589. Please note that our decision not to provide the requested records is in no way
informed by recent changes to the routine use exceptions for disclosure of Department records.

    The Bureau's discovery requests ask the Department to authorize disclosure of "every
borrower enrolled in forbearance or any income-driven repayment (IDR) plan from January 1,
2009 to the present" and other borrower-specific information related to "concerns, complaints,
inquiries, or disputes...." This adds up to potentially millions of borrower records for a time
period spanning nearly a decade. The Department has serious concerns with assenting to such a

far-reaching request both in respect to the large number of borrowers and the expansive period of time. The Department is also concerned that release of the requested records is not essential to the purposes of the Bureau's litigation and, given the breadth of the request, raises significant privacy concerns particularly when the Department is asked to disclose the records without the individuals' consent.

Related, the request affects the records of potentially millions of federal student loan borrowers in a manner that may require the Department to notify borrowers individually that their records were made available as part of this litigation. Such notification would be extremely burdensome to the Department and, to ensure it met its obligations under the Privacy Act, the Department would almost certainly be required to divert significant resources away from managing its federal student aid programs.

In any event, release of the requested records raises concerns under the Department's Touhy Regulations (34 C.F.R. §§ 8.1-8.5). The Touhy Regulations provide that "a demand for records issued pursuant to the rules governing the legal proceeding in which the demand arises – (1) Must be in writing; and (2) Must state the nature of the requested testimony or records, why the information sought is unavailable by any other means, and the reason why the release of the information would not be contrary to an interest of the Department or the United States" 34 C.F.R. § 8.3(a), (c). The Department requests that the Bureau comply with the above-cited Touhy Regulation procedures. The Department will then promptly consider and respond to the request.

Thank you again for your patience.

Sincerely,

*J. Justin Riemer*

J. Justin Riemer
Deputy General Counsel,
Postsecondary Education

CC:    Jennifer Levy, P.C., Kirkland & Ellis LLP