

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

December 12, 2018

**Filed via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:   *Commonwealth of Pennsylvania v. Navient Corporation et al*, No. 3:17-cv-01814-RDM

Dear Judge Mariani:

    I write on behalf of the Commonwealth of Pennsylvania ("Commonwealth") concerning a discovery issue on which the parties are at an impasse. As the Court is aware, Navient is preparing to produce to the Consumer Financial Protection Bureau (CFPB) a large volume of borrower records in another lawsuit, *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM. In the course of its negotiations with Navient over discovery and in an effort to minimize the burden on Navient, the Commonwealth has requested that Navient simply produce the same borrower records to the Commonwealth that it will produce to the CFPB. However, Navient is refusing to produce these borrower records to the Commonwealth because it claims that records for borrowers who reside outside the Commonwealth of Pennsylvania are not relevant to the Commonwealth's claims under Fed. R. C. P. 26(b)(1). Navient has not argued that producing all of the records will be burdensome; in fact, the Commonwealth believes that it will be far more burdensome for Navient to produce Pennsylvania-only records because of the time and expense of separating those records out from the rest of the records.

    As background, the Court will recall from the Telephonic Discovery Conference the Court held on October 10, 2018 that the Commonwealth believes that Federal and Commonwealth law permit it to bring claims and seek relief for violations of Federal and Commonwealth law that Navient committed in

Pennsylvania and which caused harm to student loan borrowers who reside either inside *or* outside Pennsylvania. The Commonwealth alleges that Navient's actions at its large loan servicing center in Wilkes-Barre caused harm to consumers throughout the country. However, the Commonwealth is not asking the Court to rule on this larger jurisdictional question now.

Instead, the Commonwealth is requesting that the Court order Navient to produce the same nationwide borrower records that the company is producing to the CFPB, relying on the Rule 26 relevance standard. These records are relevant to the Commonwealth's claims because they will show the extent to which Navient steered borrowers into repayment options (such as forbearances) that were not in the borrower's best interest, instead of helping borrowers enroll in income-driven repayment plans. For the same reasons, the Commonwealth respectfully requests that the Court order Navient to produce the same borrower call recordings to the Commonwealth that it will eventually produce to the CFPB.

The Commonwealth believes that records of borrowers who are similarly situated to Pennsylvania borrowers but who reside outside Pennsylvania are *relevant* to the Commonwealth's claims, even if the Court ultimately rules that the Commonwealth cannot bring claims to redress harm Navient caused to borrowers outside Pennsylvania. The Commonwealth expects that the records will reveal conduct that illustrates Navient's long-standing practice of illegally steering borrowers. Navient has national policies and procedures. It has never argued that it treated Pennsylvania borrowers any differently from borrowers in other states or that Pennsylvania borrowers were serviced by different employees of Navient than borrowers in other states. Therefore harm to similarly situated borrowers outside Pennsylvania is relevant to the Commonwealth's claim that Navient engaged in unfair, deceptive, or abusive acts or practices in student loan servicing. *See*, *e.g.*, *Pacitti v. Macy's,* 193 F.3d 766, 777 (3rd Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery"); *Provine v. Ambulatory Health Servs., Inc.*, No. 4:13-CV-0334, 2014 WL 47771 at *2 (M.D. Pa. Jan. 6, 2014) (in employment discrimination case, plaintiff-employee entitled to personnel files of "similarly situated employees," meaning employees who "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it").

Thank you for your consideration of this matter.

                                                  Respectfully,
                                                  /s/ Nicholas Smyth