# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005
United States

Jennifer Levy, P.C.
To Call Writer Directly:
+1 202 879 5211
jennifer.levy@kirkland.com

+1 202 879 5000

www.kirkland.com

Facsimile:
+1 202 879 5200

January 4, 2019

**Via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

Re:    *Pennsylvania v. Navient Corp. et al.*, No. 3:17-cv-01814 (M.D. Pa.)

Dear Judge Mariani:

Defendant Navient Solutions opposes the Commonwealth of Pennsylvania's ("the Commonwealth") request for production of all borrower records produced in *Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 3:17-CV-101, 2018 WL 3824367 (M.D. Pa. Aug. 10, 2018) ("*CFPB*"). Defendants Navient Corporation and Navient Solutions (collectively "Defendants") are contemporaneously moving this Court for an order certifying this Court's December 17, 2018 Order (Dkt. No. 47) denying Defendants' motion to dismiss, for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). Defendants respectfully ask that the Court hold the Commonwealth's request for nationwide borrower records in abeyance pending the resolution of Defendants' request for interlocutory appeal. This would impose no burden on the Commonwealth and would preserve the status quo while the court evaluates the Motion to Certify.

In the event that the Court declines to certify its ruling, Navient Solutions requests that the Court deny the Commonwealth's request because: (1) it is premature, and (2) nationwide borrower data is cumulative and irrelevant to this case.

It is premature to grant Plaintiff's request because, as of the writing of this letter, Navient Solutions' production to the CFPB is still in progress, and only a small portion of borrower records have been produced to the CFPB. Additionally, Navient Solutions has already agreed to provide Pennsylvania borrower records to the Commonwealth. On November 5, 2018, Navient Solutions notified the Commonwealth that it is preparing to make a substantial production of Pennsylvania borrower records, and explained in detail the data being produced (see Exhibit A attached hereto). The Commonwealth never responded, and instead filed its December 12, 2018 letter ("12/12/2018

# KIRKLAND & ELLIS LLP

The Honorable Robert D. Mariani
January 4, 2019
Page 2

Letter"). Navient Solutions' production is estimated to be produced to the Commonwealth before the end of January and will be a substantial and fulsome response to the Commonwealth's discovery request. At the very least, the Commonwealth should review the Pennsylvania data first before demanding additional, and potentially irrelevant, data. Furthermore, the requested data, relative to other discovery, is particularly sensitive and includes protected financial information. The Commonwealth should have to demonstrate the necessity of this data's production before the Court orders Navient Solutions to produce it.

In its letter, although the Commonwealth expressly disclaims that it is asking the Court to decide the jurisdictional question of whether the Commonwealth may seek relief on behalf of a nationwide group of consumers, the Commonwealth claims that discovery of nationwide borrower records is nevertheless appropriate because the nationwide data is relevant to its claims regarding Pennsylvania residents. However, the Commonwealth fails to explain adequately such alleged relevance, and Navient Solutions continues to contest nationwide jurisdiction in this case. Nationwide borrower records are simply irrelevant to any allegations related to Pennsylvania borrowers, and other Attorneys General receiving data in similar lawsuits and investigations are receiving borrower information for only their own state. The Commonwealth should be no different.

In addition, as the Commonwealth admits, Navient Solutions "has national policies and procedures" and "has never argued that it treated Pennsylvania borrowers any differently from borrowers in other states." 12/12/2018 Letter at 2. Because the application of Navient Solutions' policies and practices are uniform, Pennsylvania borrower records should reflect nothing different than borrower records from other states. Therefore, there should be nothing discoverable in borrower records outside of Pennsylvania that will not have already been disclosed through the production of Pennsylvania data. In essence, the Commonwealth is asking for cumulative discovery, which should be denied. *See* Fed. R. Civ. Proc. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."); *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (affirming lower court's denial of further discovery by plaintiff as unreasonably cumulative where plaintiff had received fulsome, relevant discovery).

Furthermore, while Navient Solutions' relevant policies and practices may be uniform nationwide, the facts and circumstances of each and every borrower interaction are necessarily unique: borrowers have different types of loans, are on different repayment plans and schedules, and any contact they have with Navient Solutions would be in light of their own, individualized situation. Rather than support the Commonwealth's overbroad request for nationwide data on any borrower with a Navient-serviced loan, the decision in *Provine v. Ambulatory Health Services., Inc.*, No. 4:13-CV-0334, 2014 WL 47771, at *2 (M.D. Pa. Jan. 6, 2014), undermines it. As that decision made clear, discovery is not intended to "serve as a fishing expedition" to find evidence

# KIRKLAND & ELLIS LLP

The Honorable Robert D. Mariani
January 4, 2019
Page 3

of wrongdoing, *id.* (citing, *inter alia*, *Bayer AG,* 173 F.3d at 189), but instead must be tethered to the particular claims advanced by the plaintiff.  For that reason, *Provine* made clear that the employment-discrimination plaintiff in that case was not entitled to undifferentiated data regarding any and all of her fellow employees, but instead was entitled to seek discovery only as to those employees who were identically situated to her—*i.e.*, those employees who had "the same supervisor . . . the same standards . . . and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."  *Id.* (internal quotations and citation omitted).

The Commonwealth's request for nationwide borrower data blows through those limitations--treating every Navient Solutions borrower as similarly situated to every other borrower, even though borrowers deal with Navient Solutions for distinct reasons, in differing contexts, and in light of their own, necessarily-individualized facts and circumstances.  Rather than limit the scope of its discovery requests to the contours of its claims or appropriately-defined categories of borrowers, the Commonwealth's request for undifferentiated nationwide data on every borrower enrolled in forbearance or income-driven repayment is similar to the overbroad type of request *Provine* condemned: a request for data on every single employee who worked for the defendant.  The Commonwealth's request for nationwide borrower records should be denied.

***

For the foregoing reasons, the Court should hold the Commonwealth's request for nationwide borrower records in abeyance pending the resolution of Defendants' request for interlocutory appeal.  In the event that the Court denies the Motion to Certify, the Court should deny the Commonwealth's request as premature and because the request seeks irrelevant and cumulative information.  Navient Solutions requests the opportunity to participate in a telephonic conference with the Court to discuss these issues at the Court's convenience.

Sincerely,

*/s/ Jennifer Levy*

Jennifer Levy, P.C.