# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania, | |
| Plaintiff, | **NO. 3:17-cv-1814-RDM** |
| v. | JUDGE MARIANI |
| Navient Corporation and Navient Solutions, LLC, | ELECTRONICALLY FILED |
| Defendants. | |

# NAVIENT DEFENDANTS' BRIEF
# IN SUPPORT OF THEIR MOTION FOR CERTIFICATION

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................2

    A.    These Purely Legal Issues Are Appropriate For Interlocutory Review. ...................................................................................................2

    B.    There Are Substantial Grounds For Difference Of Opinion. .................5

    C.    Interlocutory Review Would Materially Advance The Ultimate Termination Of This Litigation. .......................................................7

CONCLUSION .....................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*,
    219 F.3d 674 (7th Cir. 2000) ...................................................................................3

*Atl. & Gulf Stevedores, Inc. v. OSHRC*,
    534 F.2d 541 (3d Cir. 1976) .....................................................................................4

*Beazer E., Inc. v. The Mead Corp.*,
    Civ. No. 91–0408, 2006 WL 2927627 (W.D. Pa. Oct. 12, 2006) ........................6

*Cipollone v. Liggett Grp., Inc.*,
    789 F.2d 181 (3d Cir. 1986) .....................................................................................4

*Coyne Beahm, Inc. v. FDA*,
    966 F. Supp. 1374 (M.D.N.C. 1997) ......................................................................5

*Demahy v. Actavis, Inc.*,
    593 F.3d 428 (5th Cir. 2010) ....................................................................................4

*In re Enron Creditors Recovery Corp.*,
    No. 01-16034 (AJG), 2009 WL 3349471 (S.D.N.Y. Oct. 16, 2009) ..................7

*G.L. v. Ligonier Valley Sch. Dist. Auth.*,
    No. 2:13-CV-00034, 2013 WL 6858963 (W.D. Pa. Dec. 30, 2013),
    *aff'd and remanded*, 802 F.3d 601 (3d Cir. 2015)...................................................3

*Green v. Fund Asset Mgmt., L.P.*,
    245 F.3d 214 (3d Cir. 2001) .....................................................................................4

*Knipe v. SmithKline Beecham*,
    583 F. Supp. 2d 553 (E.D. Pa. 2008) .....................................................................5

*Knopick v. Downey*,
    963 F. Supp. 2d 378 (M.D. Pa. 2013) ............................................................6, 7

*Lawson-Ross v. Great Lakes Higher Educ. Corp.*,
    No. 1:17-CV-00253-MW-GRJ, 2018 WL 5621872
    (N.D. Fla. Sept. 20, 2018) ........................................................................................6

# **TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*McGillicuddy v. Clements*,
   746 F.2d 76 (1st Cir. 1984)................................................................................................5

*Miron v. Seidman*,
   No. 04–968, 2006 WL 3742772 (E.D. Pa. Dec. 13, 2006)..................................................5

*Nelson v. Great Lakes Educ. Loan Servs., Inc.*,
   No. 3:17-CV-00183, 2017 WL 6501919 (S.D. Ill. Dec. 19, 2017) .....................................6

*Philip Morris Inc. v. Harshbarger*,
   957 F. Supp. 327 (D. Mass. 1997),
   *aff'd*, 122 F.3d 58 (1st Cir. 1997) ...................................................................................4, 5

*PLIVA, Inc. v. Mensing*,
   564 U.S. 604 (2011)............................................................................................................4

*Primavera Familienstifung v. Askin*,
   139 F. Supp. 2d 567 (S.D.N.Y. 2001) ................................................................................8

*Sikkelee v. Precision Airmotive Corp.*,
   822 F.3d 680 (3d Cir. 2016) ...............................................................................................4

*Toilet Goods Ass'n v. Gardner*,
   360 F.2d 677 (2d Cir. 1966), *aff'd*, 387 U.S. 167 (1967)....................................................5

*In re Trace Int'l Holdings, Inc.*,
   No. 04 Civ. 1295(KMW), 2009 WL 3398515
   (S.D.N.Y. Oct. 21, 2009) ....................................................................................................7

*Voilas v. Gen. Motors Corp.*,
   170 F.3d 367 (3d Cir. 1999) ...............................................................................................4

## **Statutes**

12 U.S.C. § 5552.............................................................................................................................3

20 U.S.C. § 1098g...........................................................................................................................3

28 U.S.C. § 1292(b) ................................................................................................................*passim*

## INTRODUCTION

This Court's denial of Defendants' motion to dismiss merits prompt appellate review under 28 U.S.C. § 1292(b). That decision addressed three purely legal questions: (1) whether a State may pursue copycat claims under the CFPA after the CFPB filed its own CFPA claims against the same defendants targeting the same conduct, (2) whether the Higher Education Act preempts state-law claims against a loan servicer based on its communications with borrowers, and (3) whether a court can enjoin conduct that the plaintiff (a) concedes ceased a decade ago and (b) fails to allege will recur.

These purely legal questions are both novel and subject to substantial ground for a difference of opinion. Indeed, this Court recognized as much. The Court acknowledged that the Commonwealth's claims are unprecedented and that it therefore had to "write[] on a blank slate" in resolving the first issue. Op. at 22. It further recognized that there is conflicting precedent and guidance as to the preemption issue. Op. at 37-42. And in declining to dismiss the Commonwealth's claim for injunctive relief, the Court deemed the Commonwealth's request to enjoin long-ceased conduct "unusual" and noted that it was "unable to find" a single case that authorized the entry of injunctive relief in these circumstances. Op. at 51 n.12.

Finally, resolving any of these claims in Defendants' favor would materially advance the termination of this litigation—not only by narrowing the issues to be tried (if there are any), but by substantially reducing pre-trial burdens on the parties and the Court, including discovery.  And resolving all of these claims in Defendants' favor would obviously terminate this litigation entirely—saving the parties millions of dollars.  Defendants respectfully move this Court to certify its order denying their motion to dismiss (ECF No. 48) for interlocutory appeal under 28 U.S.C. § 1292(b).

## ARGUMENT

## THIS COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL ITS ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This Court may certify an otherwise non-appealable order for immediate interlocutory review if (1) "such order involves a controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  As set forth below, the order readily satisfies each of these criteria.

### A. These Purely Legal Issues Are Appropriate For Interlocutory Review.

This Court's order denying Defendants' motion to dismiss involved three pure questions of law: (1) whether a State may pursue copycat claims under the CFPA

2

after the CFPB filed its own CFPA claims targeting the same conduct, (2) whether the Higher Education Act preempts state-law claims against a loan servicer based on communications with borrowers, and (3) whether a court can enjoin conduct that the plaintiff (a) concedes ceased a decade ago and (b) does not allege will recur. Those are precisely the types of questions that satisfy § 1292(b)'s "controlling question of law" standard. "[T]he meaning of a statutory or constitutional provision" is a textbook example of a "pure" legal issue suitable for certification under § 1292(b), *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000), and this case involves determination of the meaning of three such statutory provisions (and broader statutory schemes). *See also G.L. v. Ligonier Valley Sch. Dist. Auth.*, No. 2:13-CV-00034, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013) (certifying "question of the proper statutory interpretation and application" of a federal law to the Third Circuit), *aff'd and remanded*, 802 F.3d 601 (3d Cir. 2015).

The "copycat" issue requires construction of 12 U.S.C. § 5552 and the remainder of the CFPA to determine whether Congress intended to empower States to mimic the CFPB's previously-filed claims and pursue duplicative litigation that cannot result in the award of any relief beyond that which the CFPB's already-filed claims might yield. The preemption issue requires construction of 20 U.S.C. § 1098g's broad and unqualified prohibition against the enforcement of "any

3

disclosure requirements of any State law." And the injunction question requires both consideration of this Court's authority and the interpretation of Pennsylvania law to determine whether it is permissible to enjoin conduct that admittedly ended a decade ago and cannot recur.

Not surprisingly, these are precisely the types of questions that appellate courts—including both the U.S. Supreme Court and the Third Circuit—routinely consider on interlocutory review. *See, e.g.*, *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) (reversing *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010) (affirming the district court's denial of petitioner's preemption-based motion to dismiss on interlocutory review under § 1292(b))); *see also Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 687 (3d Cir. 2016) (interlocutory review of whether federal law preempts state common-law tort claims); *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 217 (3d Cir. 2001) (interlocutory review of whether federal law preempts state-law claims for breach of fiduciary duty and deceit); *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 370 (3d Cir. 1999) (interlocutory review of whether federal law preempts state-law fraud and misrepresentation claims).

The analysis is no different with respect to the other questions at issue here. Just as federal preemption is a purely legal question that is "naturally appropriate for interlocutory review," *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330

(D. Mass. 1997) (citing *inter alia Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 183 (3d Cir. 1986)), *aff'd*, 122 F.3d 58 (1st Cir. 1997), the Third Circuit has recognized that the question of whether the government "has the statutory authority" to pursue certain claims is a "purely legal question." *Atl. & Gulf Stevedores, Inc. v. OSHRC*, 534 F.2d 541, 552 n.14 (3d Cir. 1976). Such questions are appropriate for interlocutory review. *See Toilet Goods Ass'n v. Gardner*, 360 F.2d 677, 679-80 (2d Cir. 1966) (Friendly, J.) (deciding certified interlocutory appeal regarding the scope of regulators' statutory authority), *aff'd*, 387 U.S. 167 (1967); *Coyne Beahm, Inc. v. FDA*, 966 F. Supp. 1374, 1400 (M.D.N.C. 1997) (same).

As the Court's order illustrates, resolving the merits of these novel statutory interpretation questions does not hinge on the resolution of any disputed factual questions. Nor would it require the appellate court to wade into a voluminous factual record. Instead, it simply requires the appellate court to accept the complaint's allegations as true and determine whether, if proven, such claims are viable or barred. These controlling legal questions are "naturally appropriate for interlocutory review." *Philip Morris*, 957 F. Supp. at 330.

### B. There Are Substantial Grounds For Difference Of Opinion.

Substantial grounds for difference of opinion exist when a court must resolve "'one or more difficult and pivotal questions of law not settled by controlling

authority,'" *Knipe v. SmithKline Beecham,* 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements,* 746 F.2d 76, 76 n.1 (1st Cir. 1984)), or where "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman,* No. 04–968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis omitted). Both grounds are present here.

First, there are substantial grounds for difference of opinion regarding the preemption issues; indeed, federal courts in both Illinois and Florida have evaluated precisely the same claims that this Court did and reached exactly the opposite conclusion. *See* Op. at 38-39, 41 (noting the conflicting decision in *Lawson-Ross v. Great Lakes Higher Educ. Corp.*, No. 1:17-CV-00253-MW-GRJ, 2018 WL 5621872 (N.D. Fla. Sept. 20, 2018), and *Nelson v. Great Lakes Educ. Loan Servs., Inc.,* No. 3:17-CV-00183, 2017 WL 6501919 (S.D. Ill. Dec. 19, 2017)). Suffice it to say, "[t]he clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Beazer E., Inc. v. The Mead Corp.*, Civ. No. 91–0408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006)).

Second, interlocutory appeal is necessary to resolve novel issues of law. As this Court recognized, this case is the first time that a state has filed copycat claims

targeting the same defendants and same alleged conduct that the CFPB already is pursuing, Op. at 22 n.4; thus, there is "no relevant case law" on the issue, requiring the Court to write on a "blank slate." Op. at 22. And, so far as Defendants can tell, it is exceedingly rare for a consumer protection lawsuit to seek to enjoin conduct which the complaint alleges ceased long-ago and does not plausibly allege will recur. Because "at the least, it is unusual for a plaintiff to seek injunctive relief against conduct that may have ceased over ten years ago," there is "no definitive case" on the issue. Op. at 51 n.12. These are precisely the type of controlling legal issues where interlocutory review is warranted. *See*, *e.g.*, *In re Trace Int'l Holdings, Inc.*, No. 04-1295 (KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) ("Courts have certified orders for interlocutory appeal when the issues they raise are difficult and novel.") (internal quotation and citation omitted); *In re Enron Creditors Recovery Corp.*, No. 01-16034 (AJG), 2009 WL 3349471, at *6 (S.D.N.Y. Oct. 16, 2009) ("When a controlling question of law presents an issue of first impression, permission to appeal is often granted.").

### C. Interlocutory Review Would Materially Advance The Ultimate Termination Of This Litigation.

Finally, appellate review of the issues for which Defendants seek § 1292(b) certification would "materially advance the ultimate termination of the litigation." In evaluating this prong of the test for certification, courts look to "(1) whether the

7

need for trial would be eliminated, (2) whether the trial would be simplified by the elimination of complex issues, and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Knopick*, 963 F. Supp. 2d at 398 (quotations omitted). This case meets all three factors.

If the Third Circuit reverses the Court's decision on all issues, the entire case would be dismissed and there would be no need for discovery or trial, and no further burden on the Court or the parties. But even if the Third Circuit reverses this Court's decision on just one of the issues for which certification is sought, the case would be both simplified and streamlined. Take the Commonwealth's request for injunctive relief. Reversal on that single issue would eliminate entirely the Commonwealth's origination claims—which target different conduct over a different time period than do the servicing claims. Eliminating that set of claims from this litigation would significantly reduce the burden that discovery into decade-old conduct necessarily entails, not only for the Court, the Defendants, and the Commonwealth, but also for third parties such as Sallie Mae Bank, which will be the subject of potentially extensive requests for information. Before the Court, the parties, and affected third parties are put to that expense, it would be prudent to conclusively determine whether these claims—which the Court identified as both "unusual" and unprecedented, Op. at 51—are viable. We respectfully submit that the Court's

fulsome treatment of these claims in its Memorandum Opinion (ECF No. 47) made it plain that this is an archetypal case for certification under § 1292(b).

Finally, the efficiency benefits of an interlocutory appeal extend far beyond this case. As other district courts have noted, whether an appellate decision would have "precedential value for a large number of cases"—and thus may assist in the prompt and expeditious resolution of those cases—is also relevant to the decision to grant interlocutory review. *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). As this Court has noted, Defendants are engaged in similar lawsuits around the country and the Third Circuit's decision on these issues may offer guidance in those separate proceedings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court certify its December 17, 2018 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: January 4, 2019

Respectfully submitted,

By: /s/ Daniel T. Brier

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

Jennifer Levy (DC 461921)
Michael Shumsky (DC 495078)
Patrick Brown (DC 1033415)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel: 202-879-5000
Fax: 202-879-5200

*Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Certification was served upon the following counsel of record via the Court's electronic case filing system on this 4th day of January 2019:

>John Abel, Esquire
>Commonwealth of Pennsylvania
>Office of Attorney General
>Strawberry Square, 15th Floor
>Harrisburg, PA  17120

>/s/ Daniel T. Brier