**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | ) | |
| By Attorney General Josh Shapiro, | ) | |
| | ) | Case No. 3:CV-17-01814-RDM |
| *Plaintiff,* | ) | (Hon. Robert D. Mariani) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Navient Corporation, et al., | ) | |
| | ) | Electronically Filed |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S COMPLAINT FOR PERMANENT INJUNCTION**
**AND OTHER RELIEF**

Defendants Navient Corporation and Navient Solutions, LLC (collectively, "Defendants"), by and through undersigned counsel, answer the allegations of the Complaint filed by the Commonwealth of Pennsylvania on October 05, 2017. Except where otherwise indicated, each answer is identified by and responds to the Complaint's corresponding paragraph. Pursuant to Fed. R. Civ. P. 8(b)(3), Defendants generally deny all allegations of the Complaint except those specifically admitted. Defendants also demand a trial by jury of the claims asserted in the Complaint, *see* Fed. R. Civ. P. 38(b).

**INTRODUCTION**

1.      Defendants deny that they engaged in any acts that violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1,

et seq. (Consumer Protection Law) or the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5552(a).  To the extent that any allegations in paragraph 1 are legal conclusions, no response is required.  Defendants deny any remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are legal conclusions to which no response is required. Defendants admit that Navient Solutions is a student loan servicer that collects payments, responds to customer service inquiries, and performs other administrative tasks associated with maintaining a student loan on behalf of a lender.  Otherwise, Defendants deny the allegations in paragraph 2.

3.      Defendants admit that certain Navient Solutions employees work at 220 Lasley Ave, Wilkes-Barre, PA 18706.  Defendants deny any remaining allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      The allegations in paragraph 5 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they engaged in any activities that violated the Consumer Protection Law or CFPA, including the allegations in paragraph 5.

6.      To the extent that the allegations in paragraph 6 purport to characterize certain provisions of the CFPA, those provisions speak for themselves and no response is required.  Defendants otherwise deny the allegations in paragraph 6.

2

7.     The allegations in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the allegations in paragraph 7 purport to characterize certain provisions of the CFPA, and those provisions speak for themselves.   Defendants otherwise deny the allegations in paragraph 7 and deny that they engaged in any activities that violated the Consumer Protection Law or CFPA.

8.     The allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the allegations in paragraph 8 purport to characterize certain provisions of the CFPA, and those provisions speak for themselves.   Defendants otherwise deny the allegations in paragraph 8 and deny that they engaged in any activities that violated the Consumer Protection Law or CFPA.

9.     To the extent that the allegations in paragraph 9 purport to characterize certain provisions of the Consumer Protection Law, those provisions speak for themselves and no response is required.  Defendants otherwise deny the allegations in paragraph 9 and deny that they engaged in any activities that violated the Consumer Protection Law or CFPA.

10.     To the extent that the allegations in paragraph 10 purport to characterize certain provisions of the CFPA, those provisions speak for themselves and no response is required.  Defendants otherwise deny the allegations in paragraph 10 and

deny that they engaged in any activities that violated the Consumer Protection Law or CFPA.

11.     The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

## JURISDICTION AND VENUE

13.     The allegations in paragraph 13 are legal conclusions to which no response is required.

14.     The allegations in paragraph 14 are legal conclusions to which no response is required.

15.     The allegations in paragraph 15 are legal conclusions to which no response is required.

## PARTIES

16.     The allegations in paragraph 16 are legal conclusions to which no response is required.

17.     Defendants admit that Navient Corporation ("Navient Corp.") is a Delaware corporation with its principal executive offices located at 123 Justison Street, Wilmington, Delaware 19801.

18.    Defendants admit that Navient Solutions, LLC, formerly Navient Solutions, Inc. and Sallie Mae, Inc., is a Delaware limited liability company. Defendants deny the remaining allegations in paragraph 18.

## BACKGROUND

19.    Defendants admit that in April 2014, the former SLM Corporation separated into two publicly traded entities: (1) Navient Corporation and (2) a new SLM Corporation. Defendants admit that, as of May 1, 2014, Sallie Mae, Inc. changed its name to Navient Solutions, Inc. and Navient Solutions, Inc. became a wholly-owned subsidiary of Navient Corporation. Navient Solutions, Inc. later changed its entity status to a limited liability company and is now Navient Solutions, LLC and a wholly-owned subsidiary of Navient Corporation. Defendants deny the remaining allegations in paragraph 19.

20.    Defendants admit that between 2004 and 2010, certain of SLM Corporation's subsidiaries originated Federal Family Education Loan Program ("FFEL" or "FFELP") loans. Defendants admit that between 2005 and 2014, certain of SLM Corporation's subsidiaries originated private loans. Defendants admit that between 2004 and 2014, certain of SLM Corporation's subsidiaries serviced and collected loans, but deny that these business activities were conducted under a single corporate structure. Defendants deny the remaining allegations in paragraph 20.

21.   To the extent the allegations in paragraph 21 characterize the Separation and Distribution Agreement by and among SLM Corporation (Existing SLM), New BLC Corporation (SLM BankCo) and Navient Corporation (Navient) dated as of April 28, 2014, or its terms, the document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21.

22.   Defendants deny the allegations in paragraph 22.

23.   Defendants deny the allegations in paragraph 23.

24.   Defendants deny the allegations in paragraph 24.

25.   Defendants deny the allegations in paragraph 25.

26.   To the extent the allegations in paragraph 26 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 26 are denied.

27.   To the extent the allegations in paragraph 27 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 27 are denied.

28.   To the extent paragraph 28 seeks to characterize federal statutes, rules, and regulations, those sources speak for themselves and no response is required.  To the extent a response is required, Defendants lack information sufficient to form a

belief about the truth of the allegations in paragraph 28, which are vague, undefined, and/or overly broad, and therefore deny them.

29.    To the extent paragraph 29 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 29, which are vague, undefined, and/or overly broad, and therefore deny them.

30.    To the extent paragraph 30 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 30, which are vague, undefined, and/or overly broad, and therefore deny them.

31.    To the extent paragraph 31 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 31, which are vague, undefined, and/or overly broad, and therefore deny them.

32.     To the extent paragraph 32 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 32, which are vague, undefined, and/or overly broad, and therefore deny them.

33.     To the extent paragraph 33 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants admit that Navient Solutions is a student loan servicer.  Defendants otherwise deny the remaining allegations in paragraph 33.

34.     To the extent paragraph 34 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 34, which are vague, undefined, and/or overly broad, and therefore deny them.

35.     To the extent paragraph 35 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required,

Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 35, which are vague, undefined, and/or overly broad, and therefore deny them.

36.    To the extent paragraph 36 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 36, which are vague, undefined, and/or overly broad, and therefore deny them.

37.    To the extent paragraph 37 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants admit that Navient Solutions is a student loan servicer. Defendants otherwise lack information sufficient to form a belief about the truth of the allegations in paragraph 37, which are vague, undefined, and/or overly broad, and therefore deny them.

38.    The allegations in paragraph 38 are vague, undefined and/or overly broad.  To the extent a response is required, Defendants admit that private education loans are not guaranteed by the government.  Defendants otherwise lack information

sufficient to form a belief about the truth of the allegations in paragraph 38, which are vague, undefined, and/or overly broad, and therefore deny them.

39.    The allegations in paragraph 39 are vague, undefined and/or overly broad, and to the extent that the allegations purport to characterize federal statutes, rules, and regulations, they speak for themselves and no response is required.  To the extent a response is required, Defendants admit that private education loans are not guaranteed by the government.  Defendants otherwise lack information sufficient to form a belief about the truth of the allegations in paragraph 39, which are vague, undefined, and/or overly broad, and therefore deny them.

40.    The allegations in paragraph 40 are vague, undefined and/or overly broad, and to the extent that the allegations purport to characterize federal statutes, rules, and/or regulations, those sources speak for themselves and no response is required.  To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 40, which are vague, undefined, and/or overly broad, and therefore deny them.

41.    The allegations in paragraph 41 are vague, undefined and/or overly broad.  To the extent that the allegations purport to characterize the written terms of private education loans, the terms speak for themselves.  To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore deny them.

10

42.     The allegations in paragraph 42 are vague, undefined and/or overly broad.  To the extent that the allegations purport to characterize the terms of private education loans, the loan documents speak for themselves.  To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore deny them.

43.     To the extent that the allegations in paragraph 43 purport to characterize federal statutes, rules, and/or regulations, those sources speak for themselves and no response is required.   To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 43, which are vague, undefined, and/or overly broad, and therefore deny them.

44.     To the extent that the allegations in paragraph 44 purport to characterize federal statutes, rules, and/or regulations, those sources speak for themselves and no response is required.   To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 44, which are vague, undefined, and/or overly broad, and therefore deny them.

## FACTUAL ALLEGATIONS

45.     Defendants admit that between 2004 and 2010, certain of SLM Corporation's subsidiaries originated Federal Family Education Loan Program ("FFEL" or "FFELP") loans. Defendants admit that between 2005 and 2014, certain

of SLM Corporation's subsidiaries originated private loans. Defendants otherwise deny the remaining allegations in paragraph 45.

46.     To the extent the allegations in paragraph 46 characterize the Separation and Distribution Agreement by and among SLM Corporation (Existing SLM), New BLC Corporation (SLM BankCo) and Navient Corporation (Navient) dated as of April 28, 2014, or its terms, the document speaks for itself and no response is required. To the extent the allegations in paragraph 46 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 46, which are vague, undefined, and/or overly broad, and therefore deny them.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 49, which are vague, undefined, and/or overly broad, and therefore deny them.

50.     To the extent paragraph 50 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those speak for themselves. Defendants lack information sufficient to form a belief about the truth

of the allegations in paragraph 50, which are vague, undefined, and/or overly broad, and therefore deny them.

51.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 51, which are vague, undefined, and/or overly broad, and therefore deny them.

52.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 52, which are vague, undefined, and/or overly broad, and therefore deny them.

53.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 53, which are vague, undefined, and/or overly broad, and therefore deny them.

54.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 54, which are vague, undefined, and/or overly broad, and therefore deny them.

55.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 55, which are vague, undefined, and/or overly broad, and therefore deny them.

56.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 56, which are vague, undefined, and/or overly broad, and therefore deny them.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 60, which are vague, undefined, and/or overly broad, and therefore deny them.

61.     To the extent that the allegations in paragraph 61 purport to characterize the written terms of private education loans, the written terms speak for themselves, and no response is required. To the extent a response is required, Defendants state that the remaining allegations in paragraph 61 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

62.     To the extent that the allegations in paragraph 62 purport to characterize the written terms of private education loans, the written terms speak for themselves. The remaining allegations in paragraph 62 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

63.     Defendants deny the allegations in paragraph 63.

64.     To the extent the allegations in paragraph 64 purport to characterize a document void of context, the document in context speaks for itself and no response

is required. To the extent a response is required, Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     To the extent the allegations in paragraph 67 purport to characterize a document void of context, the document in context speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 67.

68.     To the extent the allegation in paragraph 68 purports to characterize a document void of context, the document in context speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 68.

69.     To the extent the allegation in paragraph 69 purports to characterize a document void of context, the document in context speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 69.

70.     To the extent the allegation in paragraph 70 purports to characterize a document void of context, the document in context speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 70.

71.     The allegations in paragraph 71 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

72.     To the extent the allegation in paragraph 72 purports to characterize a document void of context, the document in context speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 72.

73.     The statements in paragraph 73 are not averments requiring a response. To the extent that a response is required, the allegations in paragraph 73 are legal conclusions to which no response is required.   Defendants otherwise deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     To the extent that the allegations in paragraph 75 seek to characterize documents void of context, the documents in context speak for themselves and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 75, and therefore deny them.

76.     Defendants admit that certain Sallie Mae student loan recipients attended schools at which less than 50% of the students graduated.  Defendants deny any remaining allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     To the extent that the allegations in paragraph 78 seek to characterize an investor earnings call, the official recording or transcript speaks for itself and no response is required. Defendants deny any remaining allegations in paragraph 78.

79.     Defendants admit that Sallie Mae was sued in 2009 in the Southern District of New York. Defendants deny the merits of the lawsuit.  Defendants deny any remaining allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     To the extent the allegations in paragraph 81 purport to characterize a document void of context, the document in context speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 81.

82.     To the extent the allegations in paragraph 82 purport to characterize a document void of context, the document in context speaks for itself and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 82, which are vague, undefined, and/or overly broad, and therefore deny them.

83.     To the extent the allegations in paragraph 83 purport to characterize a document void of context, the document in context speaks for itself and no response is required. To the extent a response is required, Defendants lack information

sufficient to form a belief about the truth of the allegations in paragraph 83, which are vague, undefined, and/or overly broad, and therefore deny them.

84.     The allegations in paragraph 84 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

85.     To the extent the allegations in paragraph 85 purport to characterize a document void of context, the document in context speaks for itself and no response is required. Otherwise, the allegations in paragraph 85 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

86.     To the extent the allegations in paragraph 86 purport to characterize a document void of context, the document in context speaks for itself and no response is required.  Otherwise, the allegations in paragraph 86 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

87.     The statements in paragraph 87 are not averments requiring a response. To the extent a response is required, Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     To the extent the allegations in paragraph 90 purport to characterize a document void of context, the document in context speaks for itself and no response is required. Defendants otherwise deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     To the extent the allegations in paragraph 92 purports to characterize a document void of context, the document in context speaks for itself and no response is required.  To the extent a response is required, Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 92, which are vague, undefined, and/or overly broad, and therefore deny them

93.     Defendants deny the allegations in paragraph 93.

94.     To the extent paragraph 94 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 94.

95.     To the extent paragraph 95 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 95.

96.     To the extent paragraph 96 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for

themselves and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 96.

97.     To the extent paragraph 97 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 97.

98.     To the extent paragraph 98 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required.  To the extent that a response is required, the allegations in paragraph 98 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

99.     To the extent paragraph 99 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent a response is required, the allegations in paragraph 99 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

100.   To the extent paragraph 100 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, the

allegations in paragraph 100 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

101.   To the extent paragraph 101 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, the allegations in paragraph 101 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

102.   To the extent paragraph 102 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, the allegations in paragraph 102 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

103.   To the extent paragraph 103 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 103.

104.   To the extent the allegations in paragraph 104 purport to characterize a website, a website has text that is periodically edited; accordingly the text at that specific point in time speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that borrowers may be eligible for general

forbearance if they are experiencing a temporary hardship related to financial difficulties, changes in employment, medical expenses, and other situations.

105.   To the extent paragraph 105 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 105.

106.   To the extent paragraph 106 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, the remaining allegations in paragraph 106 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

107.   To the extent paragraph 107 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, the remaining allegations in paragraph 107 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

108.   To the extent the allegations in paragraph 108 purport to characterize a website, a website has text that is periodically edited, and the text at that specific

point in time speaks for itself; therefore, no response is required.  Defendants deny any remaining allegations in paragraph 108.

109.   Defendants deny the allegations in paragraph 109.

110.   Defendants deny the allegations in paragraph 110.

111.   The allegations in paragraph 111 are vague such that Defendants are unable to form a belief about the truth of them, and therefore deny them.

112.   To the extent the allegations in paragraph 112 purport to characterize Navient Solutions' compensation policies or procedures, the policies or procedures speaks for themselves, and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 112.

113.   To the extent the allegations in paragraph 113 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent paragraph 113 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 113.

114.   To the extent the allegations in paragraph 114 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent paragraph 114 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for

themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 114.

115.   The allegations in paragraph 115 are vague such that Defendants are unable to form a belief about the truth of them, and therefore deny them.

116.   Defendants deny the allegations in paragraph 116.

117.   To the extent the allegations in paragraph 117 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 117.

118.   Defendants deny the allegations in paragraph 118.

119.   To the extent the allegations in paragraph 119 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 119.

120.   Defendants deny the allegations in paragraph 120.

121.   Defendants deny the allegations in paragraph 121.

122.   To the extent the allegations in paragraph 122 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 122.

123.   To the extent the allegations in paragraph 123 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 123.

124.   The allegations in paragraph 124 are vague such that Defendants are unable to form a belief about the truth of them, and therefore deny them.

125.   To the extent that the allegations in paragraph 125 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself.  The allegations in paragraph 125 relate to a consumer who is not identified in the Complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

126.   To the extent that the allegations in paragraph 126 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself. The allegations in paragraph 126 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

127.   To the extent that the allegations in paragraph 127 purport to characterize a statement or complaint, the statement or complaint in context speaks

for itself. The allegations in paragraph 127 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

128.   To the extent that the allegations in paragraph 128 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself. The allegations in paragraph 128 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

129.   To the extent that the allegations in paragraph 129 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself. The allegations in paragraph 129 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

130.   To the extent that the allegations in paragraph 130 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself. The allegations in paragraph 130 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack

information sufficient to form a belief about the truth of the allegations, and therefore deny them.

131.   To the extent paragraph 131 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 131.

132.   To the extent paragraph 132 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for themselves and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 132.

133.   To the extent the allegations in paragraph 133 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 133.

134.   To the extent the allegations in paragraph 134 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 134.

135.   To the extent paragraph 135 seeks to characterize the rules, regulations, and/or contract requirements regarding federal student loans, those sources speak for

themselves, and no response is required. To the extent the allegations in paragraph 135 purport to characterize a document, the document speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 135.

136.   To the extent the allegations in paragraph 136 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 136.

137.   To the extent the allegations in paragraph 137 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 137.

138.   To the extent the allegations in paragraph 138 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 138.

139.   To the extent the allegations in paragraph 139 purport to characterize a document void of context, the document in context speaks for itself, and no response is required. To the extent the allegations in paragraph 139 purport to characterize the Complaint, the document speaks for itself and no response is required.  To the extent

that a response is required, the allegations in paragraph 139 are vague such that Defendants are unable to forth a belief about the truth of them, and therefore deny them.

140.   Defendants admit that Navient Solutions' secure website required a user ID and password to view consumer specific information and that certain Navient Solutions customers consent to receive electronic communications. Defendants otherwise deny the allegations in paragraph 140.

141.   To the extent the allegations in paragraph 141 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 141.

142.   To the extent the allegations in paragraph 142 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 142.

143.   To the extent the allegations in paragraph 143 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 143.

144.    The allegations in paragraph 144 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 144.

145.    Defendants deny the allegations in paragraph 145.

146.    To the extent the allegations in paragraph 146 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 146.

147.    To the extent that the allegations in paragraph 147 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself.  The allegations in paragraph 147 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

148.    To the extent that the allegations in paragraph 148 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself. The allegations in paragraph 148 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

149.   The allegations in paragraph 149 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   The allegations in paragraph 152 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

153.   The allegations in paragraph 153 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

154.   The allegations in paragraph 154 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

155.   The allegations in paragraph 155 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

156.   The allegations in paragraph 156 are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations and therefore deny them.

157.   To the extent the allegations in paragraph 157 purport to characterize a document void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 157.

158.   To the extent the allegations in paragraph 158 purport to characterize documents void of context, the document in context speaks for itself, and no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 158.

159.   Defendants deny the allegations in paragraph 159.

160.   To the extent that the allegations in paragraph 160 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself.  The allegations in paragraph 160 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

161.   To the extent that the allegations in paragraph 161 purport to characterize a statement or complaint, the statement or complaint in context speaks for itself.  The allegations in paragraph 161 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack

information sufficient to form a belief about the truth of the allegations, and therefore deny them.

162.   Defendants deny the allegations in paragraph 162.

163.   The statements in paragraph 163 are not averments requiring a response.  To the extent a response is required, Defendants deny the allegations in paragraph 163.

164.   Certain statements in paragraph 164 are not averments requiring a response.  To the extent a response is required, the allegations in paragraph 164 are vague such that Defendants lack information sufficient to form a belief about the truth of them, and therefore deny them.

165.   To the extent that the allegations in paragraph 165 purport to characterize complaints, the complaints in context speak for themselves.   The allegations in paragraph 165 relate to anonymized complaints.   As such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 165 and therefore deny them.

166.   The allegations in paragraph 166 are vague such that Defendants lack information sufficient to form a belief about the truth of them, and therefore deny them.

167.   The allegations in paragraph 167 are vague such that Defendants lack information sufficient to form a belief about the truth of them, and therefore deny them.

168.   The allegations in paragraph 168 are vague such that Defendants lack information sufficient to form a belief about the truth of them, and therefore deny them.

169.   Defendants deny the allegations in paragraph 169.

170.   To the extent that the allegations in paragraph 170 purport to characterize complaints, the complaints in context speak for themselves.   The allegations in paragraph 170 relate to anonymized complaints.   As such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 170 and therefore deny them.

171.   Defendants deny the allegations in paragraph 171.

172.   To the extent that the allegations in paragraph 172 purport to characterize a complaint, the complaint in context speaks for itself.   The allegations in paragraph 172 relate to a consumer who is not identified in the complaint; as such, the allegations are vague such that Defendants lack information sufficient to form a belief about the truth of the allegations, and therefore deny them.

## CLAIM FOR RELIEF - ORIGINATION OF LOANS

### COUNT I

173.   To the extent the allegations in paragraph 173 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 173 are denied.

174.   Defendants deny the allegations in paragraph 174.

175.   Defendants deny the allegations in paragraph 175.

## CLAIM FOR RELIEF - SERVICING OF LOANS

### COUNT II

176.   To the extent the allegations in paragraph 176 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 176 are denied.

177.   Defendants deny the allegations in paragraph 177.

178.   Defendants deny the allegations in paragraph 178.

### COUNT III

179.   To the extent the allegations in paragraph 179 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 179 are denied.

180.   Defendants deny the allegations in paragraph 180.

181.   Defendants deny the allegations in paragraph 181.

182.   Defendants deny the allegations in paragraph 182.

## COUNT IV

183.   To the extent the allegations in paragraph 183 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 183 are denied.

184.   Defendants deny the allegations in paragraph 184.

185.   Defendants deny the allegations in paragraph 185.

## COUNT V

186.   To the extent the allegations in paragraph 186 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 186 are denied.

187.   Defendants deny the allegations in paragraph 187.

188.   Defendants deny the allegations in paragraph 188.

189.   Defendants deny the allegations in paragraph 189.

## COUNT VI

190.   To the extent the allegations in paragraph 190 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 190 are denied.

191.   Defendants deny the allegations in paragraph 191.

192.   Defendants deny the allegations in paragraph 192.

## COUNT VII

193.  To the extent the allegations in paragraph 193 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 193 are denied.

194.  Defendants deny the allegations in paragraph 194.

195.  Defendants deny the allegations in paragraph 195.

## COUNT VIII

196.  To the extent the allegations in paragraph 196 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 196 are denied.

197.  Defendants deny the allegations in paragraph 197.

198.  Defendants deny the allegations in paragraph 198.

## COUNT IX

199.  To the extent the allegations in paragraph 199 purport to characterize the Complaint, the document speaks for itself and no response is required. To the extent a response is required, the allegations in paragraph 199 are denied.

200.  Defendants deny the allegations in paragraph 200.

201.  Defendants deny the allegations in paragraph 201.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiff has alleged facts showing that it is entitled to the legal and equitable relief sought in the Prayer for Relief, or any relief whatsoever.

\* \* \*

## DEFENSES

Defendants hereby expressly incorporate the allegations of their Answers as set forth above and, with respect to each defense, incorporate the facts alleged as to every other defense.  Without assuming any burden of proof they would not otherwise bear, Defendants assert the following affirmative and other defenses. Defendants have not knowingly or intentionally waived any additional applicable defenses, and they reserve the right to assert additional defenses as discovery proceeds.  Defendants also reserve the right to amend this Answer and defenses, and to remove defenses that they later determine are not applicable.

### FIRST DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state any cause of action upon which relief may be granted.

## SECOND DEFENSE
### (Preemption)

Plaintiff's claims are expressly and/or impliedly preempted by federal law, including but not limited to, 20 U.S.C. § 1098g, and regulations pursuant to the Higher Education Act.

The federal Higher Education Act ("HEA"), 20 U.S.C. §§ 1001 *et seq.*, and the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, establish a comprehensive framework for student loan originators', servicers', and collectors' conduct.

Through the public notice and comment process, detailed and extensive regulations have been promulgated by the Department of Education and the Federal Reserve Board, as directed by Congress, prescribing every aspect of federal student loans, including charges to borrowers (34 C.F.R. § 682.202, § 685.205), repayment plans (§ 682.209, § 685.208), deferment and forbearance (§§ 682.210–211, §§ 685.204–205), and due diligence in servicing a loan (§ 682.208).

In addition to promulgating regulations, the Department of Education enters into detailed contracts with third-party servicers, such as Navient, to administer loans it owns under the Direct Loan Program. *See* 20 U.S.C. § 1087f(a)(1); Solicitation Number FSA-TitleIV-09 and Attachments A-1 - A-6, (the "Navient-Department Contract"), *available at* https://www2.ed.gov/policy/gen/leg/foia/contract/salliemae-061709.pdf (last visited Sept. 18, 2018).

Defendants have complied with federal requirements when conducting any origination, servicing, and collections activities.

Express preemption and conflict preemption preclude the Commonwealth from imposing state law duties on student loan originators, servicers, and collectors.

The Department of Education has issued guidance setting forth its position on HEA preemption of state laws.  See Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers (the "ED Preemption Notice"), 83 Fed. Reg. 10619, 10619-20 (Mar. 12, 2018) (explaining that the HEA applies equally to state-law claims based on oral, written, formal, and informal disclosures without exception).

For example, with respect to disclosure requirements under the HEA, including § 1098g of the HEA, the Department of Education views any state law that attempts to impose new prohibitions on the misrepresentation or omission of material information as preempted. *Id.*

The HEA and other federal statutes and regulations set out a comprehensive regime that applied to the servicing and collection of loans during the time period relevant to the Complaint.  State law requirements beyond the requirements under these federal statutes and regulations are preempted.

The Department of Education views state regulation of the servicing of federal loans made under the William D. Ford Federal Direct Loan Program ("Direct

Loans") as directly impeding "uniquely federal interests," and any state regulation conflicting or impeding the uniform administration of the Federal Family Education Loan Program ("FFEL Program") as preempted. *Id.*

The TILA and other federal statutes and regulations set out a comprehensive regime that applies to the origination of private education loans during the time period relevant to the Complaint. State law requirements beyond the requirements under the TILA and other federal statutes and regulations are preempted.

### THIRD DEFENSE
### (Primary Jurisdiction)

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, to the U.S. Department of Education pursuant to the doctrine of primary jurisdiction.

The Department of Education is a federal agency with the authority and specialized knowledge necessary for deciding the rules and regulations applicable to Defendants' alleged conduct. The Department of Education administers the federal loan servicing program and has broad and exclusive authority to prescribe servicer requirements. *See* 20 U.S.C. § 1082(a)(1); *see also* §§ 1087a, 1087e.

Congress designated the Department of Education as the entity responsible for administering the Direct Loan Program, under which the federal government oversees all aspects of the lending process from loan origination through repayment,

*See* 20 U.S.C. §§ 1087 *et seq.*, including the drafting and entering into of contracts for servicing Direct Loans.

For example, the Secretary for the Department of Education is directed to only award contracts to entities "which the Secretary determines are qualified to provide such services" and "that have extensive and relevant experience and demonstrated effectiveness." 20 U.S.C. § 1087f(a)(2).

The Department of Education, through its expertise and intensive contract procurement process, has identified Defendants as qualified servicers and has awarded Defendants a contract for servicing student loans.

The HEA and Department of Education regulations set forth a uniform program by which borrowers are treated equally and servicers can operate throughout the country.

The Department of Education is thus in a unique position to ensure appropriate enforcement of federal legal requirements pertaining to servicers such as Defendants and this Court should defer to the Department of Education in this matter.

### FOURTH DEFENSE
### (Due Process)

The imposition of liability, including civil monetary penalties, in this action would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and similar provisions in the Constitution of the Commonwealth of Pennsylvania, including Article I, Section 1.

For decades, the HEA has set the standards for the servicing of federally insured and federally issued student loans, and the TILA has set the standards for the origination of private education loans.

Federal agencies have promulgated extensive regulations interpreting and applying these statutory frameworks, with which Defendants have complied.

The Complaint seeks to retroactively impose new, different, vague, undefined, overly broad and more rigorous requirements related to loan origination and servicing, none of which are or were required under any discernible federal or state law.  Defendants did not have fair notice of the conduct required or forbidden according to the allegations in the Complaint.

Additionally, if the Court were to find Defendants liable with intent to defraud, the Commonwealth seeks a massive award of civil penalties, and potentially other forms of recovery.  Such an award is prohibitively high and would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and similar provisions in the Constitution of the Commonwealth of Pennsylvania, including Article I, Section 1.  Any civil penalties or other forms of recovery awarded to the Commonwealth must be remitted so as to be Constitutional.

## FIFTH DEFENSE
### (Laches)

The Commonwealth's claims are barred by the doctrine of laches.

## SIXTH DEFENSE
### (Waiver)

Through its own conduct and/or inaction the Commonwealth has consented to or waived any right to object to Defendants' alleged conduct.

The Commonwealth, being fully aware of federal legal requirements applicable to Defendants, decided not to file the present action seeking relief for the alleged conduct in the Complaint until many years after certain alleged conduct had ceased.  Such inaction is inconsistent with the position the Commonwealth seeks to enforce now.

The Commonwealth has offered no explanation for its decision to wait for years before suing Defendants, despite being aware of the conduct alleged in the Complaint.  With respect to the originations conduct alleged in the Complaint, the Commonwealth waited until almost a decade after the conduct was alleged to have ended before filing the present action.

## SEVENTH DEFENSE
### (Lack of Statuory Authority To Commence Action)

73 P.S. Section 201-4 states that "[w]henever the Attorney General or a District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act to be unlawful, and that proceedings would be in the public interest, he may bring an action . . . to restrain by temporary or permanent injunction the use of such method, act or practice."

The Complaint avers that the alleged origination conduct occurred from 2000 to 2009. And the Complaint actually concedes that the conduct cannot recur, because federal regulations ended the so-called "preferred lending era" after 2007.

The Attorney General cannot obtain an injunction of conduct that ceased long ago and will not recur.

73 P.S. Section 201-4 only authorizes the Attorney General to bring an action to "restrain by temporary or permanent injunction[.]"

Because no injunction is possible as to the origination claims, no action under 73 P.S. Section 201-4 is possible as to the origination claims.

Put simply, the Attorney General lacks statutory authority to bring the claims related to origination of private education loans, or to seek any relief thereto.

## EIGHTH DEFENSE
### (Statute of Limitations)

The Commonwealth's claims are barred, in whole or in part, by the applicable statutes of limitations, namely 73 P.S. §§ 201-3. *See Keller v. Volkswagen of America, Inc.*, 733 A.2d 642 ("The Unfair Trade Practices and Consumer Protection Law is governed by a six-year statute of limitations.") (citing *Gabriel v. O'Hara*, 368 Pa. Super. 383 (1987)).

## NINTH DEFENSE
### (Mootness)

The Commonwealth seeks injunctive relief related to alleged conduct that it acknowledges ceased in 2007 in paragraph 49 of the Complaint, and Defendants do not currently originate student loans.

The alleged conduct forming the basis of the claims enumerated in the Complaint regarding the origination of student loans will not recur, cannot recur, and is not likely to recur.

There being no conduct for this Court to enjoin, the Commonwealth's request for injunctive relief in connection with the origination of student loans is moot.

## TENTH DEFENSE
### (Lack of Legal Capacity to Sue)

Because the Attorney General cannot bring an action to enjoin or restrain anything related to the claims regarding the origination of student loans, the Attorney General lacks capacity to bring suit under the Consumer Protection Law.

## ELEVENTH DEFENSE
### (Lack of Standing)

Because the Attorney General cannot bring an action to enjoin or restrain anything related to the claims regarding the origination of student loans, the Attorney General lacks standing under the Consumer Protection Law.

## TWELFTH DEFENSE
### (Proximate Cause)

The Commonwealth cannot prove that Defendants proximately caused any foreseeable or actual damages, injuries, or losses to borrowers.

## THIRTEENTH DEFENSE
### (Causation)

The Commonwealth cannot prove that any individual borrower suffered damages resulting from Defendants' alleged actions.

## FOURTEENTH DEFENSE
### (Superseding or Intervening Acts)

Superseding or intervening acts, such as actions taken by borrowers, caused or contributed to the cause of any losses and/or damages alleged in the Complaint.

## FIFTEENTH DEFENSE
### (Improper Party)

Navient Corporation is not a proper party to the action.

## SIXTEENTH DEFENSE
### (Lack of Standing)

The Commonwealth lacks standing to pursue copycat claims under the CFPA after the CFPB filed its own CFPA claim against the same Defendants targeting the same conduct.

## SEVENTEENTH DEFENSE
### (Equitable Defenses)

The Commonwealth's claims are barred and/or limited by the doctrines of estoppel, consent, informed consent, release, unclean hands, and/or res judicata.

## EIGHTEENTH DEFENSE
### (Failure to Mitigate)

The Commonwealth's alleged damages, if any, are barred in whole or in part, by the Commonwealth's and/or borrowers' failure to mitigate such damages.

## NINETEENTH DEFENSE
### (Claims Not Susceptible To Collective Adjudication)

The claims alleged in the Complaint are not susceptible to adjudication on a collective basis.

## TWENTIETH DEFENSE
### (Damages Cause By Others)

The Commonwealth's claims are barred, in whole or in part, to the extent the damages alleged in the Complaint were caused by others whom Defendants do not control and/or have no ability to control.

## TWENTY-FIRST DEFENSE
### (No Injunction Possible)

The Complaint fails to state a claim upon which injunctive relief can be granted pursuant to 73 P.S. § 201-4.

## TWENTY-SECOND DEFENSE
### (No Restoration Possible)

The Complaint fails to state a claim upon which restoration can be granted pursuant to 73 P.S. § 201-4.1.

## TWENTY-THIRD DEFENSE
### (No Penalties Available)

No conduct or omission of Defendants was wanton, willful, malicious, or reckless, and thus civil penalties pursuant to 73 P.S. § 201-8(2) are not available.

## TWENTY-FOURTH DEFENSE
### (No Sales, Distribution, or Advertisement)

With respect to the Commonwealth's claims under the UTPCPL relating to the servicing of student loans, Defendants did not advertise, offer to sell, sell, or distribute any service or any property to any borrower and no borrower purchased any service or property from Defendants.  This precludes liability under the UTPCPL.

## TWENTY-FIFTH DEFENSE
### (First Amendment to the U.S. Constitution)

Claims related to Defendants' statements on their websites are barred and/or preempted by the First Amendment to the Constitution of the United States of America.

## TWENTY-SIXTH DEFENSE
### (Article I, § 7 of the Pennsylvania Constitution)

Claims related to Defendants' statements on their websites are barred and/or preempted by Article I, Section 7 of the Constitution of the Commonwealth of Pennsylvania.

Dated:  January 14, 2019                         Respectfully submitted,

/s Daniel T. Brier
Jennifer Levy (DC 461921)
Michael Shumsky (DC 495078)
Andrew Pruitt (DC 1011430)
Patrick Brown (DC 1033415)
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
jlevy@kirkland.com
mshumsky@kirkland.com
andrew.pruitt@kirkland.com
patrick.brown@kirkland.com
Tel: 202-879-5000
Fax: 202-879-5200

Daniel T. Brier (PA 52348)
Donna A. Walsh (PA 74833)
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
dwalsh@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation and Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I filed the foregoing document with

the Clerk of Court via CM/ECF system, which will send notification of such filing

to all counsel of record who are deemed to have consented to electronic service.


/s/ Daniel T. Brier
Daniel T. Brier