# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Commonwealth of Pennsylvania,
By Attorney General Josh Shapiro,

      Plaintiff,

      v.

Navient Corporation and Navient Solutions, LLC,

      Defendants.

Case No. 3:17-cv-1814

(Judge Mariani)

(Electronically Filed)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO NAVIENT DEFENDANTS' MOTION FOR CERTIFICATION

## Table of Contents

INTRODUCTION ................................................................................................1

ARGUMENT .......................................................................................................5

  A.  The CFPA Issue Should Not Be Certified for Appeal Because It Fails to Satisfy the Second and Third Elements of the Certification Test. ........................6

  B.  The Preemption Issue Should Not Be Certified for Appeal Because It Fails to Satisfy the Second and Third Elements of the Certification Test. .....................9

  C.  The Injunctive Authority Issue Should Not Be Certified for Appeal Because It Fails to Satisfy All Three Elements of the Certification Test...........................14

CONCLUSION...................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Arista Records, Inc. v. Flea World, Inc.*,
  No. 03–2670, 2006 WL 2882990 (D.N.J. Oct. 10, 2006) ...................................6

*Bachowski v. Usery*,
  545 F.2d 363 (3d Cir.1976) ...........................................................................5, 6

*Beneficial Corp. v. FTC*,
  542 F.2d 611 (3d Cir. 1976) ..............................................................................15

*California v. Navient Corporation, et al.*,
  Superior Court of California, County of San Francisco, Department 305, Case
  No. CGC-18-567732 (Dec. 20, 2018) ................................................................12

*Commonwealth v. Percudani*,
  844 A.2d 35 (Pa. Commw. Ct. 2004) ................................................................15

*Commonwealth v. TAP Pharm. Products, Inc.*,
  36 A.3d 1197 (Pa. Commw. Ct. 2011) ..............................................................15

*Cosimano v. Twp. of Union*,
  No. CV 10-5710 (JLL), 2017 WL 4790381 (D.N.J. Oct. 23, 2017) ...............7, 11

*Daniel v. Navient Sols., LLC*,
  328 F.Supp.3d 1319 (M.D. Fla. 2018) ..............................................................12

*Douglas v. Discover Prop. & Casualty Ins. Co.*,
  3:08-CV-01607, 2015 WL 8179641 (M.D. Pa. 2015) .......................................10

*Douris v. Schweiker*,
  229 F.Supp.2d 391 (E.D. Pa. 2002) ....................................................................5

*Fiscus v. Combus Finance AG*,
  No. 03–1328, 2006 WL 2845736 (D.N.J. Sept. 28, 2006) ................................10

*Genna v. Sallie Mae, Inc.*,
  No. 11 Civ. 7371 (LBS), 2012 WL 1339482 (S.D.N.Y. Apr. 17, 2012) .............12

*Hall v. Guardsmark, LLC*,
  No. Civ. A. 11-213, 2012 WL 4051223 (W.D. Pa. Sept. 13, 2012) ......................5

*Harter v. GAF Corp.*,
 150 F.R.D. 502, 518 (D.N.J. 1993) ....................................................................10

*Hensley v. First Student Mgmt., LLC*,
 No. 15-3811, 2016 WL 7130908, at *3 (D.N.J. Dec. 7, 2016) ........................9, 14

*Hulmes v. Honda Motor Co. Ltd.*,
 936 F. Supp. 195 (D.N.J. 1996)......................................................................5

*In re Fleet*,
 95 B.R. 319 (E.D. Pa. 1989)............................................................................15

*In re Visteon Corp.*,
 612 F.3d 210 (3d Cir. 2010) ............................................................................8

*Jackson v. Rohm & Haas Co.*,
 No. 05-4988, 2007 WL 2916396 (E.D. Pa. Oct. 5, 2007)....................................16

*Kapossy v. McGraw–Hill, Inc.*,
 942 F.Supp. 996, 1001 (D.N.J. 1996)..........................................................10, 16

*L.R. v. Manheim Twp. Sch. Dist.*,
 540 F.Supp.2d 603 (E.D. Pa. 2008).............................................................5, 13

*Lawson-Ross v. Great Lakes Higher Educ. Corp.*,
 No. 17-cv-253, 2018 WL 5621872 (N.D. Fla. Sept. 20, 2018).....................12, 13

*Medtronic, Inc. v. Lohr*,
 518 U.S. 470 (1996) .......................................................................................10

*Milbert v. Bison Laboratories Inc.*,
 260 F.2d. 431 (3d Cir. 1958) ............................................................................5

*Morgan v. Ford Motor Co.*,
 No. 06-1080 (JAP), 2007 WL 269806 (D.N.J. Jan 25, 2007)..............................10

*Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*,
 Civ. No. 05–281, 2011 WL 1044864 (E.D. Pa. Mar. 23, 2011) ............................7

*Nelson v. Great Lakes Educ. Loan Servs., Inc.*,
 2017 WL 6501919 (S.D. Ill. Dec. 19, 2017).......................................................12

*People v. Navient Corp.*,
    No. 17 CH 761 (Ill. Cir. Ct. July 10, 2018) ........................................................11

*PNY Techs., Inc. v. Netac Tech. Co.*,
    No. 13-6799 (SRC), 2016 WL 544488 (D.N.J. Feb. 10, 2016) ..........................11

*Rottmund v. Cont'l Assurance Co.*,
    813 F.Supp. 1104 (E.D. Pa. 1992) ........................................................................5

*Sakalas v. Wilkes-Barre Hospital Co.*,
    No. 3:11-CV-0546, 2012 WL 4849721, (M.D. Pa. Oct. 11, 2012) .................6, 7

*Shaup v. Frederickson*,
    No. CIV. 97-7260, 1998 WL 800321 (E.D. Pa. Nov. 17, 1998) .....................7, 11

*Singh v. Daimler-Benz, AG*,
    800 F.Supp. 260 (E.D. Pa. 1992) ........................................................................11

*State of Washington v. Navient Corp.*,
    No. 17-2-01115-1 SEA (Wash. Super. Ct. July 7, 2017) ....................................11

*Student Loan Servicing Alliance v. District of Columbia*,
    No. 18-0640 (PLF), 2018 WL 6082963 (D.D.C. Nov. 21, 2018) ...................9, 13

*Wyeth v. Levine*,
    555 U.S. 555 (2009) ...................................................................................... 10, 13

## Statutes

12 U.S.C. § 5552(a)(1) ..............................................................................................2, 6

15 U.S.C. § 1601 *et seq.* ...............................................................................................3

20 U.S.C. § 1001 *et seq.* ...............................................................................................3

28 U.S.C. § 1292(b) ........................................................................................... passim

73 P.S. § 201-1 *et seq.* .................................................................................................14

## Other Authorities

Federal Preemption and State Regulation of the Department of Education's Federal
    Student Loan Programs and Federal Student Loan Servicers,
    83 Fed. Reg. 10619 (Mar. 12, 2018) ...................................................................13

# INTRODUCTION

Plaintiff Commonwealth of Pennsylvania, by Attorney General Josh Shapiro ("Commonwealth"), respectfully submits its brief in opposition to the Motion for Certification and accompanying brief of Navient Corporation and Navient Solutions, LLC (collectively "Navient").

This lawsuit was brought by the Commonwealth to protect student borrowers, their families, and the public by holding Navient accountable for its illegal student loan origination and servicing practices. The Commonwealth seeks to enforce its own state laws as well as a federal statute that expressly authorizes state enforcement. On December 22, 2017, Navient filed a Motion to Dismiss. On December 17, 2018, this Court issued a comprehensive 70-page Memorandum Opinion ("Opinion" or "Op.") denying Navient's Motion to Dismiss in its entirety. On January 4, 2019, Navient filed its pending Motion for Certification and supporting brief ("Brief"), seeking interlocutory appeal on three issues: (1) whether the existence of an action brought by the Consumer Financial Protection Bureau ("CFPB") under the Consumer Financial Protection Act ("CFPA") precludes a similar action by the Commonwealth under the CFPA, (2) whether provisions of the Higher Education Act ("HEA") preempt the Commonwealth's enforcement of the state consumer protection law, and (3) whether the Court may grant an injunction relating to conduct that may be continuing and may reoccur.

The question currently before the Court is whether or not, for *each* of the three issues Navient moves to certify for appeal, Navient can satisfy the statutory three-element test under 28 U.S.C. § 1292(b) (the "Certification Test"). The test permits a district judge to certify an otherwise nonappealable order only if all three elements are satisfied: (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As indicated by Navient's failure to address each of the three issues separately in its Brief, none of the issues satisfies all three elements of the Certification Test. Therefore, Navient's Motion should be rejected in its entirety. Moreover, Navient's Brief mischaracterizes the well-reasoned factual and legal bases of the Opinion in an effort to portray the Court's Opinion as novel, tenuous, and/or purely legal when, in fact, it is not.

First, with regard to Navient's argument that the Commonwealth cannot bring claims under Section 1042 of the CFPA, 12 U.S.C. § 5552(a)(1), because the CFPB has filed a similar lawsuit, Navient contends that the Court's decision to dismiss results in "substantial ground for difference of opinion" when in fact the decision was grounded in well-established principles of statutory interpretation. Op. at 22-30. Navient simply glosses over the Court's repeated indications that

Navient's arguments on this issue are "creative" and would require a "strained" reading of the statutory language of the CFPA. *See*, *e.g.*, Op. at 22. In fact, Navient's position that this is a "novel" issue appropriate for certification originates not from the Court's rejection of this issue, but from its own creativity in making the tenuous argument in the first place.

Similarly, with regard to preemption, the Court applied the long-standing presumption against preemption in reaching its determination. Op. at 30-31. Nevertheless, Navient attempts to elevate two already rejected, out of circuit, district court cases to a level that would result in "substantial grounds for a difference of opinion." In fact, in addition to the presumption against preemption, the Opinion referenced multiple cases and statutes that are consistent with the Court's determination that the HEA, 20 U.S.C. § 1001 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, do not preempt the Commonwealth's claims under state law.

Additionally, because both the CFPA and preemption issues relate to counts involving the same underlying servicing allegations (Counts II through V and VII through IX)—and hence require similar discovery—the litigation would not be materially advanced if only one of these issues was certified. Instead, the Court would have to find that *both* of these issues separately meet all three elements of

the Certification Test. If Navient's argument fails to satisfy *just one* element for either the CFPA or the preemption issue, then *neither* issue can meet the test.

Moreover, even if the appellate court were to agree with Navient on all three issues it seeks to certify for appeal, this case would not be terminated. Navient's Motion to Dismiss did not seek dismissal of the Commonwealth's private-loan servicing claims regarding "cosigner release" (Counts VI or VII). *See* Navient's Memorandum of Law in Support its Motion to Dismiss, Doc. 24, n. 8.

With respect to the issue of the Court's injunctive authority over the origination conduct, Navient seeks to certify a non-controlling question of law raised in *dicta* in a footnote of the Court's Opinion whereby the Court speculated about a legal issue that may become relevant on summary judgment—after a factual record has been developed.  Op. at 51, n. 12.  Not only was this issue *not* the controlling question of law involved in the Opinion, it is a question that hinges on the resolution of a factual dispute between the parties: whether or not Navient's unlawful conduct has ceased and is likely to reoccur.  Furthermore, the actual controlling question of law involved in the Court's Opinion (i.e., whether the Court could issue an injunction if the unlawful conduct has ceased) is one on which there is no substantial ground for difference of opinion.  Finally, an immediate appeal of this issue would not materially advance the ultimate termination of this litigation because the issue involves only one of nine counts pled in the Complaint.

# **ARGUMENT**

Certification under Section 1292(b) "should be sparingly applied." *Milbert v. Bison Laboratories Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (referencing the legislative history); *Hulmes v. Honda Motor Co. Ltd.*, 936 F. Supp. 195, 208 (D.N.J. 1996). "It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert*, 260 F.2d at 433. *See also Hall v. Guardsmark, LLC*, No. Civ. A. 11-213, 2012 WL 4051223, *1 (W.D. Pa. Sept. 13, 2012).

Further, the decision to certify an interlocutory order for appeal under Section 1292(b) rests within the sound discretion of the trial court. *L.R. v. Manheim Twp. Sch. Dist.*, 540 F.Supp.2d 603, 608 (E.D. Pa. 2008) (quoting *Douris v. Schweiker*, 229 F.Supp.2d 391, 408 (E.D. Pa. 2002). The burden is on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *Id.* (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F.Supp. 1104, 1112 (E.D. Pa. 1992)).

Finally, the statutory factors under Section 1292(b) are merely a guide for the Court's discretion. *See Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir.1976). Even if a moving party meets all three criteria under Section 1292(b), the district

court may still deny certification. *Arista Records, Inc. v. Flea World, Inc.*, No. 03–2670, 2006 WL 2882990, at *1 (D.N.J. Oct. 10, 2006) (citing *Bachowski*).

**A.    The CFPA Issue Should Not Be Certified for Appeal Because It Fails to Satisfy the Second and Third Elements of the Certification Test.**

In its Brief in support of its Motion to Dismiss, Navient argued that Section 1042 of the CFPA, 12 U.S.C. § 5552, prohibits the Commonwealth from bringing claims that are similar to CFPA claims that the CFPB has already brought in a pending lawsuit based on similar facts (the "CFPA issue"). The Court rejected Navient's argument, holding that the CFPA's "plain meaning" supports "the Commonwealth's position that it can maintain its concurrent CFPA claims against Navient. To rule otherwise would require the Court to rewrite the CFPA to achieve Navient's desired outcome." Op. at 29-30. Navient now urges the Court to certify the CFPA issue for appeal. Certification of the CFPA issue should be denied because the CFPA issue fails to satisfy two of the three elements of the certification test under 28 U.S.C. § 1292(b).

First, the CFPA issue is not a "question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard." *Sakalas v. Wilkes-Barre Hospital Co.*, No. 3:11-CV-0546, 2012 WL 4849721, at *1 (M.D. Pa. Oct. 11, 2012) . Here, Navient acknowledges that there is no conflicting precedent. Nor can there be any

genuine doubt as the CFPA's meaning. As the Court explained in its opinion, "[f]ollowing Navient's position would require the Court to accept an amalgam of tenuous postulates regarding several provisions of the CFPA and a strained reading of the plain text of the statute." Op. at 22.

It is true that "the absence of controlling law on a particular issue *can* constitute substantial grounds under a certification analysis." *Sakalas*, 2012 WL 4849721, at *2 (emphasis added and quotations omitted, citing *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, Civ. No. 05–281, 2011 WL 1044864, at *2 (E.D. Pa. Mar. 23, 2011)). But "the fact that an appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion." *Cosimano v. Twp. of Union*, No. CV 10-5710 (JLL), 2017 WL 4790381, at *2 (D.N.J. Oct. 23, 2017) (quotations omitted). Certifying an interlocutory appeal where the statute is new but the language is clear would needlessly delay the district courts and clog the appellate courts. *See Shaup v. Frederickson*, No. CIV. 97-7260, 1998 WL 800321 at *3 (E.D. Pa. Nov. 17, 1998) (denying to certify under Section 1292(b) and warning that "[i]f questions of first impression alone were sufficient to warrant certification for an immediate appeal, our Court of Appeals would be besieged with piecemeal interlocutory appeals").

Where a claim is brought under a relatively new statute such as the CFPA, there will often be absence of controlling law *addressing the narrow issue under the new statute*. In such a situation, the relevant controlling law should be the well-established doctrine of statutory interpretation on which this Court relied in denying Navient's Motion to Dismiss.

Under the relevant controlling law here—the doctrine of statutory interpretation—there is little room for disagreement with the Opinion. "As with all questions of statutory interpretation, we first turn to the statutory language 'to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" Op. at 22 (citations omitted). Here, the Court found the CFPA's plain meaning permits concurrent claims; Navient's statutory interpretation argument finds "ambiguity in otherwise clear . . . language." Op. at 23. As the Third Circuit has instructed, "Courts may look behind a statute only when the plain meaning produces a result that is not just unwise but is clearly absurd." *In re Visteon Corp.*, 612 F.3d 210, 220 (3d Cir. 2010) (citations omitted). Here, the plain meaning did not produce an absurd result. The Court relied on well-founded statutory interpretation analysis and found no ambiguity. Thus, the CFPA issue does not offer substantial ground for difference of opinion.

Second, the Certification Test requires a determination that certification will materially advance the ultimate termination of the litigation. As noted in the above

introduction, because they rely on identical factual allegations, to the extent that *both* the preemption and CFPA issues are concurrently deemed to merit certification under Section 1292(b), then their review and disposition would materially advance the ultimate termination of the litigation. However, if only one of these issues is deemed to merit certification, then, standing alone, its disposition would not materially advance the ultimate termination of the litigation because each issue warrants similar discovery efforts. *See*, e.g., *Hensley v. First Student Mgmt., LLC*, No. 15-3811, 2016 WL 7130908, at *3 (D.N.J. Dec. 7, 2016) (rejecting the argument that certification on a dismissed count under Section 1292(b) would materially advance the ultimate termination of the litigation where the claims pled in the dismissed count were identical to the claims in a surviving count). Since the CFPA issue does not meet the substantial ground for difference of opinion element of the Certification Test, neither the CFPA issue nor the preemption issue can meet the Certification Test.

**B.      The Preemption Issue Should Not Be Certified for Appeal Because It Fails to Satisfy the Second and Third Elements of the Certification Test.**

Navient's motion to certify the preemption issue fails because there is no substantial ground for difference of opinion regarding the Court's application of the well-established legal standard of the presumption against preemption.  Op. at 31.  *See also Student Loan Servicing Alliance v. District of Columbia*, No. 18-0640 (PLF), 2018 WL 6082963, at *9 (D.D.C. Nov. 21, 2018) (presumption against

preemption guides courts in all preemption cases, "and particularly in those in which Congress has legislated . . . in a field which the States have traditionally occupied" (citing *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (alteration in original, quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)))).

To show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that "other courts have substantially differed in applying that standard." *See Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 WL 269806, at *3 (D.N.J. Jan. 25, 2007) (citing *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993)). A mere difference of opinion as to the court's discretionary findings or conclusions does not constitute a substantial ground for difference of opinion; instead the difference of opinion must arise out of genuine doubt as to the correct legal standard. *Kapossy v. McGraw–Hill, Inc.*, 942 F.Supp. 996, 1001 (D.N.J. 1996)); *Douglas v. Discover Prop. & Casualty Ins. Co.*, 3:08-CV-01607, 2015 WL 8179641, at *5 (M.D. Pa. 2015). *Morgan* notes that *numerous* conflicting decisions on the same issue *might* constitute a sufficient basis for the finding that substantial differences of opinion exist (emphasis added). *Morgan,* 2007 WL 269806, at *2 (citing *Fiscus v. Combus Finance AG,* No. 03–1328, 2006 WL 2845736, at *2-3 (D.N.J. Sept. 28, 2006)).

However, matters of first impression and matters where courts have identified conflicting decisions do not necessarily create substantial grounds for

difference of opinion. *See Shaup*, 1998 WL 800321, at \*3 (where, in the face of acknowledged disagreements among federal courts and in a matter of first impression within the circuit, the court denied an effort to certify a matter involving federal preemption under Section 1292(b)); *Cosimano*, 2017 WL 4790381, at \*2 (stating that the substantial grounds for difference of opinion must be within the Third Circuit) (citing *PNY Techs., Inc. v. Netac Tech. Co.*, No. 13-6799 (SRC), 2016 WL 544488, at \*2 (D.N.J. Feb. 10, 2016)); *Singh v. Daimler-Benz, AG*, 800 F.Supp. 260, 263 (E.D. Pa. 1992) (where the Court denied certification under Section 1292(b) after identifying one out of circuit district court opinion that was contrary to the court's ruling).

Within the provisions of the Opinion involving preemption, the Court comprehensively addressed the preemption issues with a wealth of law that supported its ruling and dispatched Navient's arguments. Of particular note, it commenced this section by applying the well-established "presumption against preemption" and recognized that consumer protection is within the traditional police power of the state. Op. at 31. The Court then identified multiple state and federal cases where courts had rejected Navient's express preemption arguments. *See* Op. at 38-39 containing references to *People v. Navient Corp.*, No. 17 CH 761, at 12-13 (Ill. Cir. Ct. July 10, 2018), *State of Washington v. Navient Corp.*, No. 17-2-01115-1 SEA (Wash. Super. Ct. July 7, 2017), *Genna v. Sallie Mae, Inc.*, No. 11

Civ. 7371 (LBS), 2012 WL 1339482, at *8 (S.D.N.Y. Apr. 17, 2012) and *Daniel v. Navient Sols., LLC*, 328 F.Supp.3d 1319, 1323-24 (M.D. Fla. 2018).[1]

Additionally, the Opinion referenced multiple decisions, laws and regulations with regard to Navient's conflict preemption arguments involving both HEA and TILA. Op. at 40-47.

Despite the significant support for the Court's preemption decision, Navient's current Brief leans on only two out-of-circuit decisions by district courts: *Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 2017 WL 6501919 (S.D. Ill. Dec. 19, 2017) and *Lawson-Ross v. Great Lakes Higher Educ. Corp.*, No. 17-cv-253, 2018 WL 5621872 (N.D. Fla. Sept. 20, 2018).  The Court's Opinion addressed and declined to follow each of these cases. With regard to *Nelson*, the Court correctly noted it was an "unpublished, non-binding" case containing similar forbearance steering claims but thereafter went on to adopt the aforementioned state and federal cases rejecting express preemption arguments. *See* Op. at 38, n. 9 and 39-40.

---

[1] Similar to Illinois, Washington, Pennsylvania and the Consumer Financial Protection Bureau, California filed a lawsuit against Navient in 2018 alleging violations of its consumer protection laws resulting from Navient's alleged forbearance steering. *See*, *California v. Navient Corporation, et al*. Superior Court of California, County of San Francisco, Department 305, Case No. CGC-18-567732 (Dec. 20, 2018).  On December 20, 2018, the California Superior Court issued an opinion overruling Navient's demurrer and, consistent with the court here, rejecting Navient's preemption arguments. *See* Op. at 4-5.

The *Lawson-Ross* court relied heavily on an Interpretation[2] issued by the Department of Education in determining that HEA preempted state law claims. *Lawson-Ross,* 2018 WL 5621872, at *3. This Court, however, properly determined it was not required to adopt the Interpretation, which the Court described as an "informal statement" and found unpersuasive.[3] Op. at 41.

Overall, Navient's effort to manufacture the required "substantial grounds" to obtain certification of the preemption issue must fail in the wake of the Court's comprehensive opinion applying the well-established presumption against preemption and Navient's limited sources supporting a different determination. This is simply not an instance demonstrating the "exceptional circumstances" necessary to qualify for certification. *See L.R.,* 540 F.Supp.2d at 608.

Finally, with regard to the third element of the Certification Test, the Commonwealth incorporates the argument set forth above in Section A, discussing the CFPA issue. Specifically, because the relevant counts rely on identical factual allegations, certification will not materially advance the ultimate termination of the

---

[2] *Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers*, 83 Fed. Reg. 10619 (Mar. 12, 2018).

[3] The Court's conclusion was consistent with *Student Loan Servicing Alliance*, 2018 WL 6082963, at *11-12 (holding that the Interpretation is entitled to only to *Skidmore* deference, rejecting the *Lawson-Ross*, 2018 WL 5621872, conclusion that it was persuasive and, in accordance with *Wyeth*, 555 U.S. at 576, stating "no deference is owed to an agency's conclusion that state law is preempted.").

litigation unless all elements are found for both of these issues. *See also Hensley*,
2016 WL 7130908, at *3.

### C. The Injunctive Authority Issue Should Not Be Certified for Appeal Because It Fails to Satisfy All Three Elements of the Certification Test.

Navient seeks to certify a *non*-controlling question of law raised in *dicta* in a
footnote of the Court's Opinion. In this footnote, the Court stated that "[i]n the
event the parties file motions for summary judgment, the Court will examine the
factual record carefully to determine if the alleged unlawful conduct has ceased
and is likely to reoccur absent an injunction." Op. at 51, n. 12. The Court went on
to state that if, after a review of the factual record developed during discovery, it is
determined that the unlawful conduct has "definitively ceased," there is "no
definitive case" warranting the issuance of an injunction. *Id.*

Navient contends that the controlling question of law is whether an
injunction can be issued if the conduct is *not likely to reoccur. See* Brief at 1 and
7. This is a mischaracterization. The *actual* controlling question of law is whether
"an injunction can issue [under the Unfair Trade Practices and Consumer
Protection Law, 73 P.S. § 201-1 *et seq*. )] even if the alleged unlawful conduct has
ceased." Op. at 49. On this question, there is no substantial ground for difference
of opinion, as the Court cited numerous state and federal courts within the Third
Circuit that have answered this question affirmatively. Op. at 49 (citing
*Commonwealth v. TAP Pharm. Products, Inc.*, 36 A.3d 1197, 1238-43 (Pa.

Commw. Ct. 2011); *Commonwealth v. Percudani*, 844 A.2d 35, 45-46 (Pa. Commw. Ct. 2004); *In re Fleet*, 95 B.R. 319, 339 (E.D. Pa. 1989); *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976)).  Tellingly, Navient's Brief fails to cite a single case with a contrary holding on this issue, choosing instead to mischaracterize the controlling question of law as one the Court, in *dicta*, speculates could become relevant on summary judgment.

Moreover, Navient's claimed controlling question of law is not purely legal. In denying the motion to dismiss Count I, the Court reasoned that a factual record was necessary to determine whether the alleged unlawful conduct has ceased and is likely to reoccur.  Op. at 51, n. 12.  Navient ignores this portion of the Court's ruling, falsely states that the Commonwealth failed to allege that the conduct could reoccur, and instead asks the Court to bypass the factual discovery the Court ruled was necessary by certifying the issue for appeal.  Such a request flies in the face of the Court's well-reasoned decision, and the Court should rebuff it.  As the Court has recognized, there is "no indication in the Complaint that Navient has promised to never again engage in loan origination or that it would be impossible for them to do so."  Op. at 50.  The Commonwealth intends to develop facts at trial about Navient's plans to re-enter the origination market.  For example, the Commonwealth will ask the fact-finder to determine whether Navient has viewed or views the origination market as an attractive opportunity and whether it plans to

use its existing infrastructure or acquire other companies to re-enter the private

student loan origination market.  Because the Court's decision on this question was

"intertwined with its understanding of the facts of the case, before the factual

record has been fully developed by the district court," certification would be

inappropriate.  *See Kapossy*, 942 F.Supp. at 1002.

Not only does Navient's motion for certification of this issue fail to meet

the first two elements of the Certification Test, it also fails the third element

because an immediate appeal of the injunctive authority issue would not materially

advance termination of the litigation.  Reversal on this issue would eliminate only

one of the nine counts pled in the Complaint.  Accordingly, certification is

inappropriate because reversal would not eliminate the need for discovery or a

trial.  *See Jackson v. Rohm & Haas Co.*, No. 05-4988, 2007 WL 2916396, at *1

(E.D. Pa. Oct. 5, 2007) (refusing to certify for immediate appeal when remaining

claims would still require discovery and a trial).  Therefore, Navient's motion to

certify this issue should be denied.

## CONCLUSION

For the forgoing reasons, Navient's Motion for Certification under Section

1292(b) should be denied in its entirety.

Dated: January 18, 2019

Respectfully submitted,

Josh Shapiro
*Attorney General*

Michelle Henry
*First Deputy Attorney General*

James A. Donahue, III
*Executive Deputy Attorney General*

Sarah A. E. Frasch
*Chief Deputy Attorney General*

Jesse F. Harvey
*Chief Deputy Attorney General*

Jill Ambrose
*Deputy Attorney General*

   /s/ John M. Abel            
John M. Abel, PA 47313
(Email: jabel@attorneygeneral.gov)
(Phone: 717-783-1439)
(Fax: 717-705-3795)
*Senior Deputy Attorney General*

  /s/Nicholas F. B. Smyth     
Nicholas F. B. Smyth, PA 307972
(Email: nsmyth@attorneygeneral.gov)
(Phone: 412-880-0475)
(Fax: 412-880-0196)
*Senior Deputy Attorney General*

Attorneys for Plaintiff
Commonwealth of Pennsylvania
Office of Attorney General
Bureau of Consumer Protection
417 Lackawanna Ave
Scranton, PA 18503

## CERTIFICATION OF COMPLIANCE
## <u>WITH LOCAL RULE 7.8(b)(3)</u>

I, Nicholas F. B. Smyth, hereby certify that the foregoing Memorandum of Law in Opposition to Navient Defendants' Motion for Certification is in compliance with Local Rule 7.8(b)(3). The brief contains 4,033 words as computed by Microsoft Office Word.

<u>/s/ Nicholas F. B. Smyth</u>

Date: January 18, 2019

## CERTIFICATION OF SERVICE

I, Nicholas F. B. Smyth, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition to Navient Defendants' Motion for Certification was served upon all counsel of record who are deemed to have consented to electronic filing through the Court's CM/ECF system on this 18th day of January, 2019.

/s/ Nicholas F. B. Smyth