# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania, | ) |
| Plaintiff, | ) |
| v. | ) **NO. 3:17-cv-1814-RDM** |
| Navient Corporation and Navient Solutions, LLC, | ) **JUDGE MARIANI** |
| Defendants. | ) |

## NAVIENT SOLUTIONS' MOTION TO MODIFY PROTECTIVE ORDER OR REFER DISCOVERY MATTERS TO SPECIAL MASTER VANASKIE

## BACKGROUND REGARDING THE DATA AT ISSUE

For many months, Navient Solutions and its primary regulator, the Consumer Financial Protection Bureau ("CFPB"), have engaged in intensive negotiations regarding production of terabytes of highly-sensitive nationwide consumer loan data, *Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 3:17-CV-101, 2018 WL 3824367 (M.D. Pa. Aug. 10, 2018) ("*CFPB*") (*see* Dkt. 46). That data has now been produced to the CFPB. To Navient Solutions' knowledge, this was a nearly unprecedented production in terms of the type and volume of such highly-sensitive data. The Commonwealth now seeks production of the same nationwide borrower records produced to the CFPB, and Navient disputes that the Commonwealth is entitled to borrower data outside of the jurisdiction. (*See* Dkt. 46). The Court convened a conference of the parties regarding this issue on Friday, February 1, 2019, during which the parties agreed to further discuss the matter. (Dkt. 58). There is a second telephonic hearing on this dispute on Friday, February 8, 2019. (Dkt. 60). Navient Solutions has asked the Court to limit the production to Pennsylvania borrower data only, and to hold this dispute in abeyance pending resolution of the Motion to Certify.

The instant Motion relates to the production of this highly sensitive consumer financial data. Navient Solutions notified the Commonwealth last week that it stands ready to produce the Pennsylvania borrower data (detailed data for over 200,000

borrowers with over one million loans) upon the Commonwealth's agreement not to share the data outside of Pennsylvania. (*See* Dkt. 52). To Navient Solutions' surprise, the Commonwealth refused to agree to a non-sharing provision. Therefore, Navient Solutions moves that the Court modify the current protective order, (Dkt. No. 31-2), to include a provision that bars the Commonwealth from sharing consumer data and borrower files with other states, or that the Court refer these complex discovery matters to the Honorable Thomas Vanaskie, Special Master in the CFPB lawsuit. While Navient Solutions is mindful of the terms of the Case Management Order, Navient Solutions has brought this request as a noticed motion because the protective order, by its terms, "may be amended only . . . by order of the Court, on noticed motion, for good cause shown." (Dkt. No. 31-2 at ¶ 12.2).

**ARGUMENT**

**I.    The Data at Issue Warrants The Highest Level of Protection.**

The data that Navient Solutions seeks to protect is an enormous download of data from the servicing systems utilized by Navient Solutions to service student loans. This data set contains extremely sensitive financial information regarding millions of customer records spanning decades, in all fifty states and numerous territories. This includes confidential, protected, personally-identifiable financial information, such as borrowers' account numbers, birth dates, addresses, loan amounts, payment information and other highly-sensitive information. It also

includes de-identified data, which is also sensitive. A disclosure of any part of this dataset is potentially catastrophic. The Department of Education and loan servicers like Navient Solutions have implemented strict security protocols and go to great lengths to protect the integrity of this information. *See* Dkt. No. 36 (describing contractual, regulatory, and statutory obligations regarding this data).

Prior to producing this nationwide borrower data, the CFPB and Navient Solutions engaged in extensive negotiations and discussions regarding the parameters and methods for producing and securing the data. Negotiations were complicated, in part because of the sensitive nature of the data, and in part due to the significant technical challenges in producing the data. At the conclusion of these negotiations, Navient Solutions produced terabytes of data regarding borrowers across the country. Under the terms of the protective order in that case, the CFPB had agreed not to share the information outside of its lawsuit without notice to Navient Solutions and an opportunity for Navient Solutions to object and seek judicial relief. *CFPB* Dkt. No. 66-1. Unlike the Commonwealth's position here, the CFPB has indicated to Navient Solutions that it does not intend to share the data.

In this case, the Commonwealth insists on taking a different approach than that taken by the CFPB. The Commonwealth concedes that it intends to share the sensitive borrower data that the Court orders Navient Solutions to produce in this case with other states. Allowing the Commonwealth to do so would put the data

3

beyond the reach of this Court's jurisdiction and authority to protect, and would substantially increase the possibility of an inadvertent disclosure of consumer data, through human error or a third-party attack.

## II. The Court Should Amend the Protective Order to Limit Any Sharing of This Sensitive Data.

Navient Solutions seeks to limit the potential for inadvertent disclosure or misuse of this sensitive information in a manner that will not impede the Commonwealth from pursuing its allegations. The current protective order allows the Commonwealth to share any materials it receives through discovery with "*[a]ny* local, state or federal agency empowered to investigate matters or prosecute laws, regulations or rules which Pennsylvania determines *may* be implicated by documents or information subject to this Order." (Dkt. No. 31-2 at 16 (emphasis added)). Navient Solutions requests only that the following sentence—which is substantively identical to language agreed to by the Attorney General in California, Ex. A, California Stipulation and Protective Order Regarding Discovery Materials, § 7(c)—be added to the end of provision 7.2(i) of the current protective order:

> "However, consumer data or individual borrower files exported from Defendants' servicing and originations systems may only be shared under this provision with local or state agencies of the Commonwealth of Pennsylvania or federal agencies empowered to investigate matters or prosecute laws, regulations or rules which the Attorney General of Pennsylvania determines may be implicated by information revealed during the investigation."

4

Navient Solutions believes that its proposed modification to the protective order will allow the Commonwealth to receive that information the Court deems necessary to evaluate and prosecute its claims while protecting the sensitive, personal information of Navient Solutions' consumers to the greatest extent reasonably possible. To be clear, Navient Solutions does not object to the Commonwealth continuing to share other types of documents and information produced in discovery with other states. This modification would apply only to the particularly sensitive borrower data described in the previous section.

**III. In The Alternative, The Court Should Refer These Complex Discovery Disputes to Special Master Vanaskie.**

Due to the multiplicity of lawsuits (and the copycat CFPA claims asserted by the Commonwealth) regarding the same alleged conduct, the issue of data sharing is even more complex than may first appear. If the current protective order in this matter is not modified, the Commonwealth will be able to share this highly sensitive data with other states, even if those states are unable or unwilling to compel production of the same data themselves. Respectfully, Pennsylvania's proposed use of discovery amounts to an end-run around the careful balance struck elsewhere. There is no compelling justification for having the same borrower data subject to different levels of protection in matters pending before the same Court involving the same alleged conduct brought under the same federal statute. Based on the potentially irreversible implications of the Commonwealth's sharing decision and

5

the inconsistent confidentiality positions taken by the Commonwealth and the CFPB with the exact same data in parallel cases before the Court, *compare* Commonwealth Dkt. No. 31-2 *with CFPB* Dkt. No. 66-1, Navient Solutions respectfully requests, in the alternative, that the Court refer this dispute to Special Master Vanaskie. Special Master Vanaskie is well situated to consider these closely related issues by weighing the privacy interests of borrowers with litigants' competing interests while considering the benefits of imposing consistent confidentiality obligations over the same disputed data. He also has expertise in the types of technology and e-discovery issues present here.

## CONCLUSION

For these reasons, Navient Solutions respectfully asks this Court to amend the protective order, or in the alternative, refer this discovery dispute to Special Master Vanaskie.

Dated: February 7, 2019

Respectfully submitted,

By: /s/ Daniel T. Brier
Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147


Jennifer Levy (DC 461921)
Patrick Brown (DC 1033415)
Mike Kilgarriff (DC 1032598)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel: 202-879-5000
Fax: 202-879-5200

*Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC*

## CERTIFICATE OF NON-CONCURRENCE

I, Daniel T. Brier, hereby certify that I sought the concurrence of Nicholas Smyth, Esquire, counsel for Plaintiff Commonwealth of Pennsylvania, in this Motion. Mr. Smyth does not concur.

/s/ Daniel T. Brier

Date: February 7, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I filed the foregoing document with the Clerk of Court via CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Daniel T. Brier
Daniel T. Brier