IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania, By Attorney General Josh Shapiro, <br><br>  Plaintiff, <br><br>  v. <br><br> Navient Corporation and Navient Solutions, LLC, <br><br>  Defendants. | Case No. 3:17-cv-1814 <br><br> (Hon. Robert D. Mariani) <br><br> (Electronically Filed) |

### JOINT STATEMENT OF THE PARTIES
### IN SUPPORT OF ENTRY OF CONSENT JUDGMENT

Plaintiff, the Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro ("Plaintiff"), and Defendants, Navient Corporation and Navient Solutions, LLC ("Defendants"), respectfully submit the following as their Joint Statement of the Parties in Support of Entry of Consent Judgment.

### I.   STATEMENT OF FACTS

On October 5, 2017, Plaintiff filed a Complaint alleging that Defendants were engaged in unfair and deceptive loan origination and serving practices. On December 22, 2017, Defendants filed a Motion to Dismiss. On December 17, 2018, this Court denied Defendants' Motion to Dismiss. On January 4, 2019, Defendants filed a Motion for Certification seeking an interlocutory appeal, which this Honorable Court granted on March 5, 2019. The Third Circuit certified this

case for interlocutory appeal on April 30, 2019.  The parties agreed to stay discovery pending the outcome of the interlocutory appeal.  On July 27, 2020, the Third Circuit affirmed this Court's denial of Defendants' Motion to Dismiss.  On September 15, 2020, this Court lifted the stay on discovery.  On September 18, 2020, Defendants filed a Motion for Judgment on the Pleadings, which is currently pending before this Court.

Following years of discovery, an interlocutory appeal, and years of settlement negotiations, Plaintiff submitted a proposed Consent Judgment for this Honorable Court's consideration on January 13, 2022.  The proposed Consent Judgment would release all of Plaintiff's claims under its lawsuit against Defendants and certain other potential claims against Defendants and other entities.  On January 14, 2022, this Honorable Court requested that the parties submit a joint statement supporting entry of the Consent Judgment.  The parties hereby submit the requested joint statement.

**II.   THE PROPOSED CONSENT JUDGMENT IS A FAIR RESOLUTION OF THIS CASE.**

The parties agree that the proposed Consent Judgment is in the best interests of the parties and the borrowers who will be impacted by the settlement.  First, the settlement will provide approximately 13,000 Pennsylvania borrowers with at least $3.5 million in payments and 2,467 Pennsylvania borrowers with $67 million in debt cancellation.  The Signatory Attorneys General will provide payments to

borrowers who were placed in certain types of long-term forbearances and not income-driven repayment plans, as described in Counts II and III of the Commonwealth's Complaint.  The debt cancellation will primarily benefit borrowers with subprime loans that had a high likelihood of default, as described in Count I of the Commonwealth's Complaint.

Notably, the value of debt cancellation decreases every month as consumers make payments on their delinquent loans and loans that fall outside the statute of limitations drop off their credit reports.  Accordingly, the proposed Consent Judgment is particularly in the interests of these borrowers as it will bring them immediate (and more valuable) relief than they may otherwise receive if this litigation continues on for several more years. This debt cancellation is comprehensive: it includes both the "subprime" loans alleged in the Complaint, as well as certain categories of "traditional" prime loans made to borrowers attending certain for-profit schools. (*See* Category 2 on pp. 41-42 of the proposed Consent Judgment.)

Second, the proposed Consent Judgment will provide meaningful injunctive relief for borrowers covering all of the claims in the Complaint.  Through negotiations, the parties were able to reach agreement on injunctive provisions that are specifically tailored to Plaintiff's allegations.   In general, through the proposed Consent Judgment, Defendants have agreed to the following injunctive relief: (1)

to ensure their payment processing methods are favorable to borrowers, including allowing borrowers to more easily control allocation of payments between loans; (2) to make payment history and account information more accessible to borrowers; (3) to promote income-drive repayment ("IDR") and alternative repayment plans to distressed federal loan borrowers; (4) to train repayment specialists to better assist borrowers with IDR and alternative repayment plans; (5) to ensure incentive compensation plans will not discourage customer service agents from spending time advising borrowers of repayment plan options; (6) to inquire about and provide additional information to borrowers who may qualify for Public Service Loan Forgiveness ("PSLF"), including promoting the recently announced time-limited PSLF waiver opportunity;[1] (7) to train public service specialists to help borrowers seeking PSLF; (8) to conduct reviews for certain borrowers who complain about the prior servicing of their loans; (9) to employ specific cosigner release policies, and implement enhanced disclosures regarding the availability of cosigner release; and (10) to implement policies and procedures to facilitate consistent evaluation of private loan repayment options.[2]

---

[1] Notably, this Limited Waiver Opportunity expires on October 31, 2022.
[2] Although Defendants no longer service federal student loans owned by the U.S. Department of Education, Defendants continue to service federal student loans made under the FFEL Program that are owned by private lenders as well as non-federal private student loans.

The proposed Consent Judgment is also in the best interests of the parties. In particular, the parties are entering a very costly phase of this litigation, including the taking of depositions, the preparation of expert reports, and the filing of summary judgment motions. By entering the proposed Consent Judgment, the parties will avoid this costly litigation and potentially years more of waiting for a final resolution. Moreover, the proposed Consent Judgment is part of a coordinated nationwide settlement between Defendants and 39 other states and the District of Columbia. These settlements together involve a total of approximately $1.7 billion in private student loan cancellation to approximately 66,000 borrowers, and $95 million in payouts. These settlements result from years of intensive negotiations.

Finally, entry of the proposed Consent Judgment will promote judicial economy by avoiding additional discovery disputes, the filing of voluminous summary judgment motions, a lengthy trial, and potential appeals.

### III.   CONCLUSION

For the reasons set forth above, the parties respectfully request that this Honorable Court enter the proposed Consent Judgment.

Respectfully submitted,

                                                COMMONWEALTH OF PENNSYLVANIA
JOSH SHAPIRO
ATTORNEY GENERAL

Date: __January 20, 2022__     By:     _/s/ Nicholas Smyth_____

                                                 Nicholas F. B. Smyth, PA 307972
Email: nsmyth@attorneygeneral.gov
Phone: 412-880-0475
Jill T. Ambrose, PA 323549
Email: jambrose@attorneygeneral.gov
Phone: 412-565-3050
Senior Deputy Attorneys General
Francesca C. Iovino, PA 324229
Email: fiovino@attorneygeneral.gov
Phone: 724-858-4664
Deputy Attorney General
*Attorneys for Plaintiff*
*Commonwealth of Pennsylvania*


                                                 NAVIENT CORPORATION; NAVIENT SOLUTIONS, LLC; PIONEER CREDIT RECOVERY, INC.; and GENERAL REVENUE CORPORATION

Date: January 19, 2022     By:     _____
                                               Mike Kilgarriff
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
Tel: 202-389-5149
Fax: 202-389-5200
mike.kilgarriff@kirkland.com

6